MILLER v. ALLEN.

APPEAL AND ERROR—BRIEFS—COURT RULES—APPENDIX—PAGE REF-
ERENCES.
 Appeal is dismissed where appellant's brief disregards court rule
 requirements as to accompaniment or inclusion of an appendix,
 or page references to an appendix or original record on appeal
 (Court Rule No 67, §§ 2, 6, 7 [1945, as amended in 1956]).

Appeal from Branch; Andrews (Mark S.), J. Submitted April 10, 1958. (Docket No. 37, Calendar No. 47,597.) Appeal dismissed April 14, 1958.

Case by Charles H. Miller, Jr., against James Allen for damages resulting from automobile accident. On motion, case dismissed with prejudice. Plaintiff's appeal dismissed.

*Harold Ashdown, Harold J. Smith* and *Ray H. Hagerman,* for plaintiff.

*Dresser & Dresser,* for defendant.

PER CURIAM. Plaintiff appeals from an order dismissing the cause. His brief on appeal is unaccompanied by an appendix, bound either with the brief or submitted separately. Thus plaintiff's submission of the case fails in every respect to conform

---

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 768.

either with section 6 or alternative section 7 of Court Rule No 67 (1945), as added. In similar mood we are constrained to add that the brief fails to conform with the requirements of section 2 of said Rule 67, in that the statement of facts proffered therein omits specific page references either to an appendix or any portion of the original record on appeal. In these circumstances we proceed on motion of the Court.

Counsel must be advised that additional burdens have been voluntarily assumed by this Court through promulgation of the recently adopted appellate rules (effective January 2, 1957; 347 Mich xiv through xxxii). A comprehensive and fully informative appendix, supplied according to the optional provisions of said Rule No 67, is imperatively required under the new appellate practice. And we cannot tolerate further the perceptibly crescent practice of some counsel to ignore the plain and understandable command (of Rules 67 and 68) that statements and counterstatements of fact be supported by specific page references.

This case, presenting as it does a patent disregard of 2 separate and purposefully interrelated sections of said Rule 67, has been selected for the purpose of warning all counsel that similar infractions will receive similar treatment. The appeal is dismissed, with costs to defendant as on granted motion to dismiss.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.