*In re* SCHANTZ ESTATE.

FINAL ACCOUNT BY RUEHS.

APPEAL AND ERROR—APPENDIX—COURT RULES.

Appeal is dismissed with costs as on motion to dismiss, where appellant's appendix failed to comply with mandatory provisions of court rule in that parts of the opinion of the court from which the appeal was taken were so printed as to preclude comprehension of the judicial thought and reasoning thereof without resort to the single original record, the rule being intended to assist, rather than hinder, the work of the Supreme Court (Court Rule No 67, § 6, as effective January 2, 1957).

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 15, 1958. (Docket No. 58, Calendar No. 47,755.) Decided December 2, 1958. Rehearing denied February 19, 1959.

Ernest Ruehs filed his final account as guardian of Addison Schantz, mentally incompetent, in contemplation of restoration to soundness of mind. Account approved in probate court and appeal to circuit court dismissed. Schantz appeals. Appeal dismissed.

*Edward Kenney,* for appellant.

*Rom & Newton Dilley,* for guardian.

PER CURIAM. We said, in *Miller* v. *Allen,* 352 Mich 95, 96:

"Counsel must be advised that additional burdens have been voluntarily assumed by this Court through promulgation of the recently adopted appellate rules (effective January 2, 1957; 347 Mich xiv through xxxii). A comprehensive and fully informative appendix, supplied according to the optional provisions of said Rule No 67, is imperatively required under the new appellate practice."

Here again the appellant's brief and appendix disregards in substantial entirety the needful and later considered (see *Wilks* v. *Kempf,* 352 Mich 445, 451, 452) requirements of new Rule No 67. In particular we cannot countenance the practice of printing, in an appendix, isolated portions only of the opinion or opinions of the court below. In this case it appears from the original record that Judge Verdier rendered 2 opinions which, in the orderly course of appellate procedure, should have been printed verbatim in the appellant's appendix (see section 6 of new

Rule No 67). Each opinion, so far as appellant's appendix is concerned, consists of minute context-lifted observations of Judge Verdier, totally disconnected from each other and printed in such way that no reader would be able to comprehend the judicial thought or reasoning without resort to the single original record.

Counsel should understand that the mandatory requirements of said Rule No 67—and certainly the duty to print (in the appellant's appendix) "any opinion of the court  *  *  *  below" is such a requirement—must be complied with in order that the new appellate rules may assist rather than hinder the work of his Court. Emphasizing what was said in *Miller* v. *Allen* and *Wilks* v. *Kempf, supra,* it is ordered that appellant's appeal be dismissed, with costs to appellee as on granted motion to dismiss.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.