HEARN v. SCHENDEL.

1. APPEAL AND ERROR—DISMISSAL OF APPEAL—BRIEFS—COURT RULES.

Appeal is dismissed, where appellants' briefs do not contain a clear and concise chronological statement in brief narrative form of the facts of the case, the character of the pleadings, substance of the proof, rulings and orders of the court, nature of the verdict and judgment, substantial errors complained of nor references to specific pages of the appendix as required by the court rules (Court Rules No 67, § 2, No 68, as effective January 2, 1957).

2. SAME—BRIEFS—APPENDIX—TIME—COURT RULES.

A litigant who has been given everything in the way of "reasonable time" within which to get his procedures in order for due submission of his case on appeal but has failed to avail himself thereof by complying with pertinent rules relative to contents of briefs and appendices has had his "day" and is not deprived of any right of appeal when appeal is dismissed by Supreme Court for want of compliance with such court rules (Court Rules No 67, § 2, No 68, as effective January 2, 1957).

3. SAME—COURT RULES—BRIEF—APPENDIX—TIME FOR COMPLIANCE.

Appellees who have prepared and submitted their briefs and argued their case in the Supreme Court are entitled to know from the Supreme Court presently where they stand and should not be required to wait until appellants get around to persuaded compliance with court rules as to briefs and appendices and the Supreme Court gets around to delayed decision (Court Rules No 67, § 2, No 68, as effective January 2, 1957).

4. COSTS—DISMISSAL OF APPEAL—BRIEFS.

Costs are allowed appellee upon dismissal of appeal by the Supreme Court for appellant's failure to comply with current court rules as to briefs and appendices as upon granted motion to dismiss (Court Rule No 67, § 2, No 68, as effective January 2, 1957).

CARR and KELLY, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 768–778.
[4] 14 Am Jur, Costs § 91 et seq.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 14, 1959. (Docket No. 69, Calendar No. 47,333.) Decided April 13, 1959. Rehearing denied June 5, 1959.

Case by James M. Hearn, individually, and James M. Hearn and Maurice Strandberg Company, for the use and benefit of Michigan Mutual Liability Company, a Michigan corporation, against Edward H. Schendel, doing business as Edward H. Schendel & Company, Service Art Plastering Company, a Michigan corporation, L. R. Bennett and Eugene D. Straight, doing business as Bennett & Straight, and School District No. 2, Monguagon Township, for personal injuries and reimbursement of workmen's compensation payments occasioned by fall of canopy ceiling during demolition work. Directed verdict and judgment for defendants. Plaintiffs appeal. Appeal dismissed.

*Frank C. Glabach, Livingston & Keith, Imesch, Worrell, Thomas & Zajac* (*Thomas J. Shelly,* of counsel), and *Herbert J. Pevos,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Robert E. Fox,* of counsel), for defendant Schendel.

*Ward, Plunkett & Cooney* (*Robert E. Rutt,* of counsel), for defendant Service Art Plastering Company.

*Davidow & Davidow* (*Larry S. Davidow,* of counsel), for defendant Bennett & Straight.

BLACK, J. This is a suit for personal injuries and compensatory damages[*] suffered on account of claimed negligence of the defendants; such negli-

---

[*] Plaintiff Hearn sues for personal injuries. Plaintiff Michigan Mutual Liability Company, the workmen's compensation insurer, joins under the statute (CLS 1956, § 413.15 [Stat Ann 1957 Cum Supp § 17.189]).

gence consisting essentially of alleged misconstruction—in violation of original plans and specifications—of the canopy over a student walkway attached to and constituting a part of the Hale school, in the town of Riverview. Plaintiff James M. Hearn was employed to demolish a part of the canopy and, while so engaged, was injured by collapse of a portion of the under part of the canopy roof. The result below was a directed verdict for all of the defendants. From judgment entered on such verdict, plaintiffs appeal.

Six briefs, each with its maimed, context-disconnected and altogether useless little appendix, are before us. So far as appellants are concerned, no one of their briefs includes any semblance of the rule-required "clear and concise chronological statement in brief narrative form of the facts of the case, with dates of instruments or important events, including the nature of the action, the character of the pleadings and proceedings, the substance of the proof in sufficient detail to make it clearly intelligible, the rulings and orders of the court, the nature of the verdict and judgment, the substantial errors complained of" and "other matters necessary to an understanding of the nature of the controversy and of the questions involved on the appeal." (Section 2, Court Rule No 67 [1945].) Furthermore, that which appellants proffer in the form of a brief-statement of facts flagrantly disregards the 28-year-continuous requirement that specific page references, formerly to the record and now to the appendix or appendices, constitute a part of the statement. (See Sunderland Revision of Michigan Court Rules, 1931, No 69, § 4; Searl's annotated revision of 1933 Michigan Court Rules Annotated [4th ed], Rule No 67, § 2; Michigan Court Rules 1945, official publication, Rule No 67, § 2.)*

---

* See amendment of both Court Rules No 67 and 68, relative to inclusion of appendix, 347 Mich xxii–xxiv.—REPORTER.

We said, in *Wilks* v. *Kempf,* 352 Mich 445, 452:

"The vital importance of carefully prepared statements and counterstatements of fact, and of appendices, for printing in accord with new Court Rules No 67 through 69, cannot be overstressed. Under these rules (effective January 2, 1957), and quite unlike corresponding rules in previous effect, each member of our Court receives only that which counsel, proceeding separately or by agreement, choose to send here in the form of appendices or a joint appendix. One copy only of the record proper —it is the original record with included transcript— arrives for use. In case of brief-dispute or doubt upon material facts, such record must be passed around, among members of the Court, to such extent as may be necessary for resolution of such dispute or doubt. So, when counsel ignore the rather plain purpose and intent of these rules (that the appendix or appendices be made comprehensively informative with accurate page-referred keys thereto in the briefs), this Court of necessity must dig out, from the original record, such of the known facts—disputed or undisputed—as are 'necessary to an understanding of the nature of the controversy and of the questions involved on the appeal.' Needless to say the draftsmen of these new rules, and this Court in turn, did not intend any such time-consuming, decision-delaying and wholly uncalled-for result."

Try though this Court has (see extended and trenchant observations of Mr. Justice SMITH in *Greenough* v. *Greenough,* 354 Mich 508, 521–523), it appears difficult, if not impossible, to get across to some appellant counsel that a fairly and fully informative appendix, keyed directly and accurately to a statement of facts conforming with said Rule No 67, is vital to the principle of fair presentation; also that failure in such regard must result either in dismissal of the offender's appeal or placement of an impossible burden on the highest Court of this State; a Court which (unlike the corresponding

situation obtaining in all other States of comparable population, wealth, area and diversification) is required to handle *all* the appellate work derived from the principal courts and tribunals of original jurisdiction.

One of our Brothers suggests that we should continue the case on to the next June term, thus to provide plaintiffs "reasonable time" within which to get an acceptable brief and appendix before us.[*] Our Brother finds that counsel "apparently" made an attempt in good faith to comply with the rules, and that "plaintiffs should not be deprived of the right of appeal to this Court." Now let us examine the "reasonable time" counsel already have consumed in their "apparent" effort to comply with our rules.

The judgment in this case was entered April 11, 1957. Proof of service of plaintiffs' claim of appeal was filed with our clerk April 29, 1957. The transcript (see Court Rule No 66 [1945], as amended[‡]) was filed with the clerk of the trial court June 4, 1957. The case not having been noticed for hearing during the allotted 18-month period (see Court Rule No 70B[†]) and the required original record not having been filed here, our clerk issued (December 5, 1958) the regular notice (under the "no progress" provisions of said Rule No 70B) advising counsel that the case would be dismissed on the first day of our January term, 1959.

Upon receipt of such notice plaintiffs' counsel caused the original record to be filed here December 12, 1958, and, December 27, 1958, such counsel filed motion to take the cause off the "no progress" docket and to docket the case for our January, 1959 term.

[*] We did not do this for the hapless appellant in unanimous *Miller v. Allen*, 352 Mich 95. Later, in that case, we unanimously denied the appellant's motion to reinstate his appeal upon (then proffered) compliance with said Rule No 67.

[‡] 347 Mich xvii.—Reporter.

[†] 352 Mich xvii.—Reporter.

Such motion (necessarily for "more" time) was granted, and so the case came to submission in this Court January 14, 1959. At oral argument of the case counsel was advised, from the bench, of the deficiencies of all briefs and appendices as filed by him, yet no request was made then (or since) for the "reasonable time" our Brother would now allow on motion of the Court.

Any court which fails to insist that its own rules receive fair and timely compliance is bound to encourage noncompliance or, at best, token observance; all with result that the flow of litigation through that court is impeded with adverse effect on the quality of its decisions. Some of us, so convinced, are dedicated to the proposition that the injustice of delayed justice should be eliminated, as near as human effort may accomplish the end, from the courts of record of Michigan. And so we say that any litigant who, by our processes, has been given everything in the way of "reasonable time" within which to get his procedures in order for due submission of his case, and has failed to avail himself thereof, has had his "day" and is not deprived of any right of appeal when, at long last, we do only what our rules call for. No greater wrong hath man judicial wrought than that of overlooking, if not encouraging, delays and more delays of justice.

Little thought seems to have been given to the rights of the parties defendant these plaintiffs have haled into court. Such parties have fairly and diligently presented their defense—in the court below. They have prepared and submitted their briefs and argued their case in this Court, not without heavy expense as every experienced trial lawyer knows full well. They are entitled to know, at our hands the case being here, where they stand. They are entitled to that knowledge, now; not when plaintiffs get around to persuaded compliance with our rules and we get around to delayed decision. Are

we to exact, of them, more time-uncertainty plus more litigatory expense, solely to aid their somnolent opponents? Are we to enforce our appellate rules against some appellants and not against others, infractions being identical in substance? Consider *Miller* v. *Allen, supra,* and *In re Schantz Estate,* 354 Mich 541. Did we not, during our April term 1 year ago, issue fair warning that dismissals would follow in the wake of failure to provide the indispensables at least of Rule No 67? Witness the following—unanimous at the time—conclusion of *Miller* v. *Allen, supra:*

"This case, presenting as it does a patent disregard of 2 separate and purposefully interrelated sections of said Rule 67, has been selected for the purpose of warning all counsel that similar infractions will receive similar treatment. The appeal is dismissed, with costs to defendant as on granted motion to dismiss."

We vote to dismiss the appeal, with costs to defendants as on granted motion to dismiss.

Dethmers, C. J., and Smith, Edwards, Voelker, and Kavanagh, JJ., concurred with Black, J.

Carr, J. (*dissenting*). I am not in accord with the proposed holding that plaintiffs' appeal should be dismissed summarily for failure to properly comply with provisions of present Court Rules relating to the contents of briefs and appendices. On behalf of appellants, counsel have filed 3 separate briefs, each with an appendix. Apparently an attempt has been made in good faith to comply with the requirements specified in Rules No 67 and 68.

If a majority of the members of this Court consider that the briefs and appendices filed on behalf of appellant are not satisfactory, opportunity should

be afforded counsel to file a brief and appendix that will remedy present deficiencies.   To that end the case should be continued to the June term for decision, and counsel allowed such reasonable time as the Court may by order prescribe for filing of the required brief and appendix.   The action was one to recover damages for personal injuries, and plaintiffs should not be deprived of the right of appeal to this Court.

KELLY, J., concurred with CARR, J.