## TEMPLIN *v.* TOWNSHIP OF NOTTAWA.

1. TAXATION—ASSESSMENT—CASH VALUE.
   An ad valorem tax assessment of real and personal property must be at its cash value, the amount which the assessing officer in the exercise of his best judgment determines to be the price which could be obtained at private sale, and not at forced or .auction sale (Const 1908, art 10, § 7; CLS 1956, §§ 211.24, 211.27).

2. SAME—ASSESSMENT—COURTS—FRAUD.
   Ad valorem tax assessment of property will not be disturbed by the Supreme Court unless so at variance with the undisputed ·facts as to be, in the eyes of the law, a fraud upon the taxpayer (Const 1908, art 10, § 7; CLS 1956, §§ 211.24, 211.27).

3. SAME—OVERASSESSMENT—EVIDENCE.
   No overassessment of ad valorem taxes was shown by plaintiffs where their grain elevator property was shown to have a value of many thousands of dollars more than the assessed valuation, hence, judgment of no cause of action was properly entered in action to recover protested overpayment (Const 1908, art 10, § 7; CLS 1956, §§ 211.24, 211.27).

4. APPEAL AND ERROR—REASONS—CONCLUSION.
   The Supreme Court will not disturb the decision of a lower court which reaches the right conclusion in a case, regardless of the reasons it cites for reaching that conclusion.

5. COSTS—APPEAL—APPENDIX—NONCOMPLIANCE WITH COURT RULES.
   No costs are allowed either party upon affirmance of judgment in nonjury action to recover taxes paid under protest, where neither appellants nor appellee have complied with court rules relative to contents of respective appendixes (Court Rules No 67, § 6; No 68, § 6 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 51 Am Jur, Taxation § 701.
[2] 51 Am Jur, Taxation § 770.
[4] 3 Am Jur, Appeal and Error § 825.
[5] 14 Am Jur, Costs § 91.

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted October 14, 1960. (Docket No. 94, Calendar No. 47,995.) Decided January 9, 1961.

Action by Floyd Templin and Helen Templin against the Township of Nottawa to recover taxes, claimed excessive and paid under protest. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Eric V. Brown,* for plaintiffs.

*D. M. Britton,* for defendant.

KAVANAGH, J. Plaintiffs filed a declaration in the circuit court for the county of St. Joseph to recover taxes of $1,039.95 assessed by, and paid under protest to, the township of Nottawa for the year 1956 on plaintiffs' grain elevator. The land on which the elevator is located is physically divided by railroad tracks which run north and south. The part on the west side of the tracks is the property as to which it is claimed a portion of the tax paid under protest should be refunded. The portion on the west side is all personal property, the buildings having been constructed on leased ground, which is owned by the railroad. In 1956 the property on the west side was assessed at $36,000. This property consisted of a fertilizer warehouse, butane gas tank, 6 large silos, a grain dryer, and 4 small silos.

The township supervisor assessed plaintiffs' entire property in a lump sum at $45,050 for the tax year 1956. This included the property on the east side which, admittedly, was a minor portion of the total property to be assessed. Plaintiffs and appellants contend the true cash value of the west side property was $40,000. Plaintiffs' declaration alleged they would be willing to sell the entire property for $80,000.

Plaintiff Floyd Templin appeared before the board of review asking for a lowering of the assessment, claiming the true cash value of the west side property was $40,000 and, since the township was using a uniform assessment percentage of 43% of true cash value, the assessment valuation should be $17,200. The board of review refused to lower the assessment valuation. An appeal was taken to the State tax commission.

It is the contention of plaintiffs that the over-assessment was fraudulent.

The trial court found the plaintiffs had not met the burden of proof as to their allegations of fraud. Judgment of no cause of action was entered in favor of defendant against plaintiffs. Plaintiffs appeal, raising several questions, only one of which needs to be considered by this Court—that is whether or not plaintiffs had established the assessment of the west side property at the sum of $36,000 for the year 1956 was so excessive as to cause a fraud to be perpetrated upon the plaintiffs.

Plaintiff Floyd Templin's testimony disclosed total costs for buildings and equipment on both sides of the railroad tracks together with grain, feed and other items of personal property in the buildings on January 1, 1956, of over $116,500 less depreciation on buildings and equipment. The cost of the new silos on the west side of the tracks less depreciation would exceed the total value of $45,050 placed on all the property on both sides of the tracks by the assessor in 1956, and approved by the board of review, and would greatly exceed the assessment of $36,000 placed on the west side property alone.

The duties of the supervisor are set forth in CLS 1956, § 211.24 (Stat Ann 1950 Rev § 7.24), and are in part as follows:

"The supervisor shall estimate, according to his best information and judgment, the true cash value

of every parcel of real property and set the same down opposite such parcel. He shall also estimate the true cash value of all the personal property of each person, and set the same down opposite the name of such person. In determining the property to be assessed and in estimating such value, he shall not be bound to follow the statements of any person, but shall exercise his best judgment."

In the exercise of his best judgment, he is guided by CLS 1956, § 211.27 (Stat Ann 1959 Cum Supp § 7.27), which defines "cash value" as follows:

"The words 'cash value,' whenever used in this act, shall be held to mean the usual selling price at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

Article 10, § 7, Michigan Constitution (1908), provides as follows: "All assessments hereafter authorized shall be on property at its cash value."

In *City of Negaunee* v. *State Tax Commission,* 337 Mich 169, Justice BUSHNELL speaking for the Court said (p 176):

"That property must be assessed at its actual cash value is fundamental law in this State. We shall not repeat that which was said in typical cases, such as *S. S. Kresge Co.* v. *City of Detroit,* 276 Mich 565 (107 ALR 1258); *Twenty-two Charlotte, Inc.,* v. *City of Detroit,* 294 Mich 275; and *Helin* v. *Grosse Pointe Township,* 329 Mich 396, and authorities therein cited."

This Court has many times held, under the Constitution and laws of this State, that assessments shall not be disturbed by the Court unless they are so at variance with the undisputed facts as to be in the eyes of the law a fraud on the taxpayer. *S. S. Kresge*

*Co.* v. *City of Detroit,* 276 Mich 565 (107 ALR 1258);
*Naph-Sol Refining Co.* v. *Township of Muskegon,* 346
Mich 16.

Plaintiffs admitted the property in the instant case
had a true cash value of thousands of dollars more
than the assessed valuation; consequently, no over-
assessment was proven. The trial court reached the
correct conclusion in arriving at a judgment of no
cause of action.

This Court will not disturb the decision of the
lower court, which reached the right conclusion, re-
gardless of the reasons it cites for reaching that con-
clusion. *Straith* v. *Straith,* 355 Mich 267; *Weisen-
berg* v. *Village of Beulah,* 352 Mich 172.

Appellants' appendix fails to include any testi-
mony offered in the trial below. Their statement of
questions involved compels this Court, if it is to
perform properly its oath-bound duty of review, to
examine the record of proceedings before the trial
judge. Their brief contains references to the pages
of the original record filed with our clerk, but there
is only 1 original record and 8 members of this
Court. Section 6 of Court Rule No 67 (1945)[1] clear-
ly states our requirements. In *Miller* v. *Allen,* 352
Mich 95; *Wilks* v. *Kempf,* 352 Mich 445, at pp 451–
453; *Greenough* v. *Greenough,* 354 Mich 508, at pp
521–528; *Harden* v. *Widovich,* 359 Mich 566 at pp
569 and 570[2], this Court has clearly stated the conse-
quences, both to the errant litigants and to the ap-
pellate process, of failure to comply with our rules.

The decision of the trial court is affirmed. No
costs are allowed, appellee having failed to object to
appellants' appendix and having neglected to comply
with the equally apt requirements of section 6 of
Court Rule No 68 (1945).[3] By so doing it could

---

[1] As amended. See 347 Mich xxii, and 355 Mich xiv.—REPORTER.
[2] See resulting action in latter case, 361 Mich 422.—REPORTER.
[3] As amended. See 347 Mich xxiv.—REPORTER.

have been of assistance to the Court and have recovered the costs of complying with its duty.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.