DALENKO v. TUCKER.

1. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVIDENCE.
    The Supreme Court must examine the testimony with great care when reversal of a nonjury case is sought on the ground that the evidence clearly preponderated in favor of the appellant and it is claimed that the trial judge committed error in concluding to the contrary (Court Rule No 67, § 6 [1945]).

2. SAME—NONJURY CASES—APPENDIX—PLEADINGS—TESTIMONY—COURT RULES—TRANSCRIPT.
    Appeal in farm purchasers' nonjury action against real-estate

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 895.
[2] 3 Am Jur, Appeal and Error § 740.

broker and her salesman for damages caused by warranty as to availability of a usable water supply is dismissed for failure to comply with court rule provision relative to contents of appendix in that no pleadings and much too little of the pertinent testimony are included therein to enable the Supreme Court to make decision without reference by each Justice of the Court to the single original transcript contained in the official record (Court Rules No 67, § 6; No 70, § 5[b] [1945]).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted October 7, 1960. (Docket No. 43, Calendar No. 48,546.) Decided January 9, 1961.

Case by Louis Dalenko and Lorraine Dalenko against Thelma M. Tucker, doing business as T. M. Tucker Realty, and Esther B. DeVault, saleswoman, for damages caused by real-estate dealers' warranty on purchase of farm. Judgment for plaintiffs. Defendants appeal. Appeal dismissed.

*John L. Potter,* for defendants.

KELLY, J. (*dissenting*). This appeal challenges the trial court's finding that plaintiffs were damaged in the sum of $850 because of defendants' warranty concerning purchase of farm property.

Defendant Tucker, engaged in the real-estate business, showed and sold a farm to plaintiffs. Plaintiff Louis Dalenko testified that defendant DeVault told him the 3 wells on the farm would produce water fit for human consumption and that, in addition, plaintiffs could get water by making connection, at a nominal charge, with city water which was piped along the road in front of the farm; that after purchase of the farm he found the wells did not provide suitable water and that it would cost over $1,250 as a tap-in and cost fee to make connection with the city water.

Defendant DeVault denied she ever told plaintiffs the water was fit for consumption and denied she told Mr. Dalenko the tap-in fee would be nominal, but insisted that she told him the tap-in fee would be approximately $1,000 and, also, gave him the name of a man to contact for full information on the tap-in fee.

The court in finding for plaintiffs stated:

"I determine as a matter of fact that Mrs. DeVault did warrant there was a usable water supply on that farm. She admits the parties were discussing water supply and she told them there were 2 wells. When a person discusses water supply they discuss nothing on a farm but usable water supply—certainly not a salt supply of something that is not usable. Likewise, I am satisfied that Mrs. DeVault represented there was a public water supply in the road which could be tapped into at the usual tap-in charges. In view of the fact of the warranty, and I am not saying she warranted it intentionally, I am simply saying she warranted those facts, I find nothing fraudulent or deceptive or in the nature of deceit on her part whatever, but I do find that the facts were not as warranted. I determine as a matter of fact the plaintiff relied upon that warranty in buying the place and I assess his damages at the sum of $850."

Defendants appeal, claiming plaintiffs failed to prove by a preponderance of the evidence that defendants misrepresented the quantity or quality of the water, or the cost of tapping into the private water line and, secondly, that the expressions of defendants did not constitute a warranty.

We do not reverse on issues of fact in a nonjury case unless the evidence clearly preponderates in the opposite direction. *Krause* v. *Boraks,* 341 Mich 149. A reading of the transcript filed herein discloses conflicting testimony in regard to the claimed warran-

ties, but the evidence does not clearly preponderate against the finding of the trial court.

The judgment should be affirmed. No costs, as plaintiffs did not file a brief.

Dethmers, C. J., and Carr, J., concurred with Kelly, J.

Souris, J. Appellants' appendix fails to include any of the pleadings on which the issues as tried were framed. Court Rule No 67, § 6 (1945).* To properly review the trial court's judgment requires this Court to examine the testimony with great care for we are asked to say in this appeal that the evidence clearly preponderated in favor of the appellant and that the trial judge committed error in concluding to the contrary. Appellants' appendix contains too little, much too little, of the pertinent testimony to permit decision without reference by each Justice of this Court to the single original transcript contained in the official record. Court Rule No 67, § 6 (1945),* was designed to accommodate not only the bar, but also the requirements of this Court. See *Templin* v. *Township of Nottawa,* 362 Mich 257, and other cases cited therein.

For appellants' failure to comply with the rules of this Court in the 2 respects noted above, I would dismiss their appeal under authority of the Court Rule No 70, § 5(b) (1945).†

Smith, Black, Edwards, and Kavanagh, JJ., concurred with Souris, J.

---

* As added and amended. See 347 Mich xxii and 355 Mich xiv.—Reporter.

† As added. See 347 Mich xxx.—Reporter.