## DONOVAN *v.* DONOVAŃ.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

   Allegations with respect to husband's extreme and repeated cruelty *held,* amply sustained by testimony of wife that defendant refused to cohabit for upwards of a year prior to filing of bill and with reference to lack of money for doctors, medicines, support of the children, and support of the wife despite an earning capacity sufficient to make adequate provision, and further supported by testimony of wife's sister.

2. SAME—TEMPORARY SUPPORT ORDER—EARNINGS AND INCOME.

   Order for temporary support money during pendency of divorce proceedings, requiring defendant to pay $75 weekly for plaintiff and their 10-year-old child *held,* not to have been erroneous when defendant then had earnings and income of more than $670 per month.

3. SAME—VALUE OF ASSETS—EVIDENCE.

   Claim of error by defendant husband in divorce proceedings that the trial court had arbitrarily fixed the value of defendant's

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur, Divorce and Separation §§ 437–439.
[2–4]  17 Am Jur, Divorce and Separation § 612.
   Earning capacity or prospective earnings of husband as basis of alimony.  139 ALR 207.
[5]  17 Am Jur, Divorce and Separation § 467.
[6]  17 Am Jur, Divorce and Separation §§ 644, 645.

stock at $3,500 rather than its true value of $2,000 *held*, without merit, where record shows such stock was valued at $2,000 and the additional $1,500 value was placed on a $2,000 note given by the corporation whose stock was involved and testimony showed note had been paid in full with interest.

4. SAME—SUPPORT OF WIFE AND CHILD—INCOME.

It was not an abuse of discretion for trial court to order defendant husband to pay $25 weekly for support of their minor daughter, a like sum for support of plaintiff and $10 a week upon balance of delinquent temporary alimony, where record shows defendant had a monthly income of $670.

5. SAME—CORRECTION OF DECREE.

Decree of divorce is ordered corrected to show it was not a *pro confesso* case, where the property matters were contested although the grounds for divorce were not contested.

6. SAME—COSTS—VIOLATION OF COURT RULES.

No costs are allowed appellee wife in suit for divorce, where neither appellant nor appellee have filed a proper appendix, and dismissal of the appeal would benefit the appellee who is primarily guilty of violating appellate rules (Court Rule No 67, § 2 [1945]; GCR 1963, 813.2).

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted June 6, 1963. (Calendar No. 29, Docket No. 49,566.) Decided July 17, 1963.

Bill by Sara Donovan against Lawrence Donovan for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Amended and affirmed.

*Oswald T. McGinn,* for plaintiff.

*Lower & MacGregor,* for defendant.

KAVANAGH, J. Defendant appeals from a decree of divorce entered by the Cheboygan county circuit court in favor of plaintiff wife. Plaintiff filed her bill of complaint on June 30, 1958, alleging the couple was married on February 17, 1931; that they

separated in May of 1957; that 3 children were born of the marriage, 2 of whom were adults; and that 1 daughter, age 10, remained at home.

Paragraph 5 of the bill of complaint reads as follows:

"That the said defendant, disregarding the solemnity of his marriage vow, has been guilty of extreme and repeated cruelty, some of the specific acts of which are as follows, to-wit:

"a. For the past 4 or 5 years, the defendant has for days at a time refused to speak to the plaintiff.

"b. In May of 1957, the defendant set up separate quarters in an upstairs room and upon entering the house retires immediately to his own quarters, refusing to speak to the plaintiff unless it be a matter of complaint for some fancied grievance.

"c. Although the defendant has an income in excess of $600 per month, he has informed the plaintiff that he will give her $20 per week for the support of herself and the minor child of the parties, and to operate and maintain the home, and that if she desired or needed clothing for herself or the minor child of the parties that she should seek employment."

The bill further alleged the parties had acquired a home in Cheboygan, free and clear; household furnishings; a lot on Hammond's Bay in Presque Isle county, Michigan; a 1956 Chevrolet car, free and clear; and in addition thereto the defendant has a substantial sum of money.

Plaintiff prayed that the marriage be dissolved; that she be given custody of the minor child; that she be awarded support and maintenance for herself and the minor child of the parties; and that an equitable property settlement be made.

Defendant answered alleging that during the married life of the parties, plaintiff had been a domineering wife, telling him how to conduct himself;

that it was difficult to carry on an agreeable conversation with plaintiff, and to prevent arguments he lived pretty much to himself. He further alleged that for the 3 years prior to their separation he earned $27,000 and turned all of it over to plaintiff, and believed she saved a substantial portion of it. Despite this fact, in the spring of 1957 he needed $200 to pay the balance due for Federal income taxes, and plaintiff refused to give him the money. He admitted that thereafter the parties became estranged to the extent they occupied separate rooms and lived separate lives. Defendant alleged that when plaintiff refused to give him the $200 to pay the income tax, he informed her he would give her $40 a week for her support and the support of the minor child of the parties, but would continue to pay utility bills and other expenses in and about the house; that plaintiff then refused to cook defendant's meals or take care of his laundry; that he then decreased plaintiff's allowance for herself and the minor child to $20 a week. Defendant further alleged that he had given his oldest son 4 years of college and the second son a 2-year college education and had always substantially performed his marital obligations, and that any differences between the parties had their foundation in plaintiff's desire to control all the financial affairs. Defendant asked that the plaintiff's bill for divorce be dismissed.

The trial court entered an order for temporary support providing that defendant shall pay to the clerk of the court on the first day of July, 1960, the sum of $75 and a like sum weekly thereafter during the pendency of the cause for the support and maintenance of plaintiff and the minor child of the parties. The case was tried in June of 1961.

On June 27, 1961, decree was entered in favor of plaintiff granting her a divorce from the bonds of matrimony and giving her custody of the minor

child. The decree provided that defendant pay to the clerk of the court $25 per week for the support and maintenance of the minor child and $25 per week for plaintiff's support and maintenance. The decree further provided the delinquent payments owing by defendant as of June 27, 1961, in the amount of $2,050, were reduced and settled for the sum of $1,300, payable $500 forthwith and the balance of $800 at the rate of $10 per week commencing June 27, 1961. Lastly, the decree contained a provision for a $400 attorney fee payable to plaintiff's attorney by the defendant. There were the usual insurance settlement provisions and property settlement provisions in the decree.

Following the entry of the decree, defendant made a motion for rehearing as to the approval of the decree by the court alleging the court erred: in the award of temporary support by basing it on defendant's earnings rather than on the amount necessary to support plaintiff and the minor child; in determining that plaintiff's alleged grounds for divorce were adequate; in fixing the value of certain stock; in the award of permanent support; in providing in the decree the bill of complaint was taken as confessed; in allowing plaintiff's counsel $400 attorney fees; and in not providing rights of reasonable visitation of the minor child.

The court granted the motion for rehearing in part, to determine the true value of the shares of stock owned by defendant in Straits Transit, Inc. At the conclusion of the partial rehearing on this matter, the court, treating defendant's motion as a motion to amend the original decree, denied the defendant such relief.

Defendant appeals raising the following questions:

(1) Are the grounds for divorce as charged sufficient to sustain the decree?

(2) Did the circuit judge commit error in award-
ing the sum of $75 as weekly support (temporary)
for the plaintiff and minor child by basing his deter-
mination of amount on defendant's earnings and
pension rather than on the needs of plaintiff and
minor child and their accustomed station in life?

(3) In determining the property settlement, did
the circuit judge commit error in arbitrarily fixing
the value of defendant's stock in Straits Transit,
Inc., at $3,500 rather than at its true value of $2,000?

(4) Did the circuit judge commit error and abuse
his discretion in awarding to plaintiff and appellee
in the decree, alimony and support money in the
sum of $60 weekly despite the fact that the court
was well aware that the monthly income of defend-
ant and appellant was only $270 by pension?

(5) Did the circuit judge commit error in refusing
to correct the patent mistake in the decree wherein
same recites the bill of complaint was taken as
confessed by defendant, the truth being that same
was vigorously contested?

The appendix for defendant-appellant is woefully
inadequate to determine any of the questions raised
on appeal.   Plaintiff-appellee has not seen fit to
supplement it, so both are in violation of the appel-
late rules of this Court.   Plaintiff's references in
her brief are entirely to the transcript of the testi-
mony.

The transcript discloses that the only witnesses
called by plaintiff in support of the allegations in
the bill of complaint were the plaintiff and her
sister, Ruth M. Evans.   No witnesses were called
by defendant in support of the allegations in his
answer to the bill of complaint except as to financial
matters.

A careful reading of the transcript indicates that
defendant waived his contest of the merits of whether
a divorce should be granted at the conclusion of

plaintiff's proofs. A colloquy between the court, the defendant and counsel ended with this:

"*The Court:* All right. But, I don't want to preclude Mr. Donovan from taking the stand. But, I want it to go not to the merits of the cause, but rather to how the division should be made of the property, you see, and support money. If you are going to go in in support of your answer here, then it will go into the merits of whether a divorce should be granted, you see.

"*The Defendant:* I am willing to split the property 50-50.

"*The Court:* All right. You can talk to the friend of the court on that. I am sure we can work something out."

Plaintiff, testifying in support of the allegations in the bill of complaint, was asked the following questions and gave the following answers:

"*Q.* The bill of complaint gives the date of separation, when you people ceased cohabiting together as husband and wife, as on or about May of 1957.
"*A.* Yes.   *   *   *

"*Q.* You make certain allegations relative to your husband's conduct toward you, Mrs. Donovan. Will you tell the court what it was that led you to the filing of this bill of complaint?
"*A.* Well, he goes on pouts and he don't talk to me for weeks and months at a time. Right now he hasn't talked to me since—well, it was the end of last July, and he goes in and out and you would think we were a piece of furniture."

There was additional testimony by plaintiff with reference to lack of money for doctors, medicines, support of the children and support of the wife, despite an earning capacity sufficient to adequately provide for these matters.

Plaintiff's sister gave the following testimony:

"*Q*. Describe to the court his (defendant's) conduct.

"*A*. Well, when we would go there and he always seemed pleasant enough with us, but he seemed to ignore his wife.

"*Q*. Was that true on many occasions?

"*A*. On many occasions."

She also testified: "I know he likes money, that is for sure. Money is his god, I guess."

A reading of the complete transcript leads us to the conclusion that the allegations with respect to extreme and repeated cruelty were amply supported by testimony including, but not limited to, the refusal to cohabit for a period in excess of a year prior to the filing of the bill of complaint.

Defendant's second question deals with the temporary order of $75 as weekly support money for the plaintiff and the minor child. Almost $800 of the amount covered by this order was forgiven in the final decree. There was testimony by plaintiff that $75 per week would be necessary to properly maintain herself and the child. The order was entered when defendant had earnings and income of more than $670 per month. No error was committed in entering this order.

The third claim of defendant is that the court erred in arbitrarily fixing the value of defendant's stock in Straits Transit, Inc., at $3,500 rather than at its true value of $2,000. The record discloses that the court did not fix the value of defendant's stock in Straits Transit, Inc., at $3,500 but rather fixed it at the sum of $2,000, which defendant admits is the true value of the stock. The additional $1,500 value was placed on a $2,000 note given by Straits Transit, Inc., to defendant for money loaned it by defendant. Defendant testified at the rehearing on July 28, 1961,

that this note was valueless. Charles LaHaie, an executive vice-president of Straits Transit, Inc., testified at a continuation of the rehearing on October 24, 1961, that the $2,000 note was repaid with interest on July 31, 1961, 3 days after the testimony of defendant at the former hearing. Defendant's argument with respect to the fixing of the value of his stock and the note of Straits Transit, Inc., has no merit.

In his fourth question, defendant claims the trial judge erred and abused his discretion in awarding to plaintiff alimony and support money in the sum of $60 weekly despite the fact the court was well aware the monthly income of defendant was only $270 by pension. In the first place, the decree did not provide $60 weekly as alimony and support money for the plaintiff. It provided $25 per week for the support and maintenance of the plaintiff and $25 per week for the support and maintenance of the minor child of the parties and $10 per week upon the balance of the delinquent temporary alimony. The record discloses that Lawrence Donovan testified on July 28, 1961, as follows under examination by his own attorney:

"*Q.* Are you employed by the Straits Transit, Mr. Donovan?

"*A.* Yes; I am.

"*Q.* You have received some wages during this spring and summer season?

"*A.* Since the 1st of July.

"*Q.* Since the 1st of July. How much have you received in wages?

"*A.* Well, there was 3 checks, I believe, of $82 and some cents to $84 and some cents per check. That $84 and some cents was the highest and $82 and some cents was the lowest."

Under cross-examination by plaintiff's attorney, defendant testified as follows:

*"Mr. McGinn* (attorney for plaintiff): That is 1 question I wanted to ask. Mr. Donovan, you are actually employed at the rate of $100 a week, and the checks that you received show your various deductions, is that right?

*"The Witness* (the defendant): That is right."

Admittedly, in addition thereto, he received $270 per month pension money. No abuse of discretion is evident from the full testimonial record.

The last error complained of by defendant deals with the trial court's refusal to correct a mistake in the decree that the bill was taken *pro confesso.* While it is true that the grounds for divorce were not contested, the property matters were contested. The decree should be amended to properly correct this error.

Otherwise, the decree of the lower court is affirmed.

Neither party has filed a proper appendix. The plaintiff-appellee particularly has violated the provisions of section 2 of former Court Rule No 67 (1945)* and GCR 1963, 813.2. Such an inadequate appendix would normally result in summary dismissal of the appeal. See *In re Schantz Estate,* 354 Mich 541, and cases therein cited. To dismiss the appeal in this case would benefit the plaintiff, who is primarily guilty of violating our appellate rules. Therefore, having been forced to use the transcript to prepare this opinion (it is to be noted there is only 1 transcript for 8 Justices), and in the absence of a proper appendix and a proper brief by plaintiff, no costs are allowed.

Carr, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.

---

* See amendments, 347 Mich xxii and 355 Mich xiv.—Reporter.