GRAY v PANN

Docket No. 160053. Submitted November 9, 1993, at Lansing. Decided February 7, 1994, at 9:55 A.M.

Jean C. Gray, the maternal grandmother of Stephanie J. Pann, a minor whose mother, Bernice Gray, had disappeared, brought an action in the Macomb Circuit Court seeking an order granting her custody of the child. The child's alleged father, Robert W. Pann, who never married Bernice Gray, was named the defendant in the action. The defendant filed a motion for dismissal based on lack of jurisdiction. Because the plaintiff and the child were enrolled as members of the Sault Ste. Marie Tribe of Chippewa Indians, the court, Frederick D. Balkwill, J., allowed the tribe to intervene in the action. The intervenor then requested that the action be transferred to tribal court pursuant to the Indian Child Welfare Act, 25 USC 1901 *et seq.* The court ruled that the intervenor had proved that the child was covered by the Indian Child Welfare Act and that, therefore, tribal courts had exclusive jurisdiction. The court, finding that there was a question of fact regarding whether the defendant was the child's father, denied the defendant's motion to dismiss. It then dismissed the action without prejudice. The defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in denying the defendant's motion to dismiss because, pursuant to the decision in *Bowie v Arder,* 441 Mich 23 (1992), the plaintiff lacked standing to commence a custody action. However, because the court dismissed the action, which was the remedy sought by the defendant, he cannot now complain. The fact that the court reached the right result for the wrong reason is not grounds to reverse on appeal.

2. The trial court did not abuse its discretion in allowing the tribe to intervene, and it did not transfer jurisdiction to the tribal court. Rather, the court dismissed the cause.

3. Whether the Indian Child Welfare Act applies and

REFERENCES
Am Jur 2d, Appeal and Error § 727.
See ALR Index under Appeal and Error.

whether the intervenor properly asserted jurisdiction over the child are matters to be litigated in the tribal court.

Affirmed.

APPEAL — CORRECT RESULT — WRONG REASON.

The Court of Appeals will not reverse a decision of a trial court where the court reached the right result for the wrong reason.

*Peter J. Lucido, P.C.* (by *Peter J. Lucido*), for the plaintiff.

*Matthew R. Rumora* and *Thomas C. Zavela,* for the defendant.

*James M. Jannetta,* for the Sault Ste. Marie Tribe of Chippewa Indians, intervenor.

Before: M. J. KELLY, P.J., and HOOD and T. R. THOMAS,* JJ.

HOOD, J. This is an action for custody of a minor child filed by the child's maternal grandmother. Defendant appeals as of right from the trial court's dismissal of the action. We affirm.

Plaintiff's daughter, Bernice Gray, disappeared on December 26, 1991. Her bloodstained car was recovered later, but her body was never found. Although defendant was apparently a prime suspect, he has not been charged.

Four days after the disappearance, defendant filed a signed and notarized affidavit of parentage apparently executed by him and Ms. Gray shortly after the child's birth. Defendant and Ms. Gray were never married.

Ms. Gray did not name a father in the child's original birth certificate. However, she did give defendant's last name to the child. The birth certificate was amended in 1992 to list defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as the father in accordance with the affidavit of parentage.

Ms. Gray's mother—plaintiff—filed actions in the probate and circuit courts to obtain custody of the child to defendant's exclusion. The probate court action was stayed in favor of this circuit court custody action. Ms. Gray and the child had been living with plaintiff at the time of the disappearance and intermittently before that.

In early 1992, defendant filed a motion for dismissal based on lack of jurisdiction. The motion was denied, as were defendant's attempts to file an interlocutory appeal. A few days later, our Supreme court decided *Bowie v Arder,* 441 Mich 23; 490 NW2d 568 (1992).

About a month after the *Bowie* decision, the intervenor, the Sault Ste. Marie Tribe of Chippewa Indians, enrolled plaintiff and the child as members of the tribe. Intervenor then requested that the action be transferred to tribal court pursuant to the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq.* Defendant renewed his motion for dismissal based on lack of jurisdiction.

The court held an evidentiary hearing. It ruled that the intervenor had proved that the child was covered by the ICWA and that, therefore, tribal courts had exclusive jurisdiction. It denied defendant's motion to dismiss, finding that there was still a question of fact regarding whether defendant was the child's father. It then dismissed the action without prejudice.

Defendant first argues that the trial court erred in denying his motion to dismiss because, under *Bowie,* plaintiff lacked standing to commence a custody action. We agree. See *Bowie, supra* at 27, 43, 45. However, we also agree with the intervenor that, because the trial court dismissed the action— which was the remedy sought by defendant in both

his motions—he cannot now complain. *Ford Motor Co v. Jackson (On Rehearing)*, 399 Mich 213, 225-226; 249 NW2d 29 (1976). The fact that the trial court reached the right result for the wrong reason is not grounds to reverse on appeal. *Templin v Nottawa Twp*, 362 Mich 257, 261; 106 NW2d 825 (1961).

Defendant next argues that the trial court erred in allowing the tribe to intervene and in transferring jurisdiction to the tribal court. First, we find that the trial court did not abuse its discretion in allowing the tribe to intervene. See MCR 2.209(A)(3). Second, contrary to defendant's assertions, we find that the trial court actually did not transfer jurisdiction to the tribal court, although it did find that the child was covered by the ICWA and held that the tribal court had exclusive jurisdiction. Rather, the trial court's order states that "[i]t is further ordered that the instant cause be dismissed." It completely fails to mention a transfer of jurisdiction. Thus, we need not decide that issue.

We note that whether the ICWA applies and whether the tribal court properly asserted jurisdiction over the child are matters to be litigated in that tribunal.

Affirmed.