ROCKWELL *v.* VANDENBOSCH

1. APPEAL AND ERROR—COURT RULES—PREVENTION OF INJUSTICE.

The Court of Appeals will exercise its discretion, although sparingly, to consider one of the issues raised on appeal even though the appellants' brief failed to conform with the court rule where consideration of the issue is necessary to prevent manifest injustice (GCR 1963, 813).

2. EVIDENCE—DEADMAN'S STATUTE—PURPOSE OF STATUTE.

The deadman's statute was designed to protect a deceased person or a person incapable of testifying from possible lies which he can no longer refute; however, a decedent's sworn answers, prepared with the assistance of counsel, to written interrogatories do not require such protection (MCLA § 600.2166).

3. EVIDENCE — DEADMAN'S STATUTE — WRITTEN INTERROGATORIES — ADMISSIBILITY.

An interrogatory or deposition made by a witness, whether a party or not, is admissible into evidence and can be used for any purpose where the witness dies before trial (GCR 1963, 302).

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 5 Am Jur 2d, Appeal and Error § 691 *et seq.*
[2] 58 Am Jur, Witnesses § 215.
[3, 4] 58 Am Jur, Witnesses § 354.
[5] 23 Am Jur 2d, Depositions and Discovery § 125.

4. EVIDENCE — DEADMAN'S STATUTE — WRITTEN INTERROGATORIES —
ADMISSIBILITY.

   Failure to admit defendant's decedent's sworn answer that there
   was "none other than" the plaintiff, made in response to a
   written interrogatory asking him to state his version of the
   collision, and to list all the witnesses he knew who had any
   knowledge of the facts, was reversible error even though the
   answer was unresponsive to the question where the answer
   was prepared with the assistance of counsel, and where con-
   tributory negligence was an issue, because the answer might
   have affected the outcome of the deliberation of a jury con-
   cerning the facts in question (MCLA § 600.2166).

5. EVIDENCE — INTERROGATORIES — UNRESPONSIVE ANSWERS —
ADMISSIBILITY.

   A sworn answer to a question in a written interrogatory is
   admissible into evidence even though the answer is unrespon-
   sive to the question and even though the witness making the
   answer dies before trial (MCLA § 600.2166).

6. COSTS—COURT RULES—BRIEFS—NON-COMPLIANCE.

   No costs were allowed to appellants even though they prevailed
   in the Court of Appeals where they failed to comply with the
   court rule governing an appellant's brief, in that their claim
   of appeal listed numerous allegations of error and reasons for
   a new trial, but many were not briefed and others were
   referred to in the brief but without citation of authority
   (GCR 1963, 813).

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 May 8, 1970, at Grand Rapids. (Docket
No. 8,099.) Decided October 29, 1970. Leave to
appeal granted March 15, 1971. 384 Mich 815.
Appeal dismissed by stipulation June 16, 1971.

Complaint by Ann Karen Rockwell and John
Rockwell against Alvin T. Vandenbosch, adminis-
trator of the estate of Allen J. Vandenbosch, de-
ceased, for damages for injuries in an automobile
collision. Verdict and judgment of no cause of ac-
tion for defendant. Plaintiffs appeal. Reversed
and remanded.

*William N. Azkoul,* for plaintiffs.

*Luyendyk, Hainer, Karr & Edens,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and MUN-RO,* JJ.

MUNRO, J.   This lawsuit arose out of a rear-end collision between a vehicle owned by the plaintiffs and driven by the plaintiff Ann Karen Rockwell and the vehicle owned and operated by defendant's decedent Allen J. Vandenbosch, which occurred at or about noon on October 17, 1965.   The plaintiff Mrs. Rockwell, driving westerly on Four Mile Road, a two-lane blacktopped highway in the city of Grand Rapids, had stopped in preparation for a left turn into the entrance to a church, and defendant's decedent, proceeding westerly on Four Mile Road, collided with the rear of plaintiffs' vehicle.   The rear-end collision was not disputed.   The principal issue raised by the proofs at trial related to whether or not plaintiffs' vehicle stopped on the main traveled portion of the highway or off on the shoulder or berm just before the occurrence of the accident, the defendant claiming sudden emergency as the cause of the accident.

Suit was commenced by the plaintiffs against Allen J. Vandenbosch on February 25, 1966, and on March 31, 1966, an answer containing an affirmative defense and an answer to the interrogatories posed by the plaintiffs were filed.   On May 24, 1966, Allen J. Vandenbosch died of causes not connected with this litigation.   Subsequently Alvin T. Vandenbosch was appointed as administrator of the estate and as a party defendant in the place of his

* Circuit judge, sitting on the Court of Appeals by assignment.

deceased son. The jury's verdict of no cause of action was returned on March 1, 1968, after a five-day trial.

The claim of appeal enumerates numerous allegations of error and reasons for a new trial, many of which were not briefed by appellants, and some of which were referred to in appellants' brief with no authorities cited for appellants' position. The brief as filed fails to comply with the provisions of GCR 1963, 813 and the attention of counsel for appellants is called to the provisions of that court rule and the decisions of our Supreme Court requiring that such rules be complied with in order to facilitate the handling of litigation before appellate courts. *Hearn* v. *Schendel* (1959), 355 Mich 648; *Miller* v. *Allen* (1958), 352 Mich 95.

It is only because this Court has determined that one of the issues raised on this appeal should be determined in the interests of justice that the Court considers the appeal further and in that regard, under the powers of this Court as referred to in *Hunt* v. *Deming* (1965), 375 Mich 581, this Court will, though sparingly, exercise its discretion in the interest of preventing manifest injustice even though appellants' brief does not comply with the court rules.

Of the numerous questions raised by the appellants in this matter this Court feels that the issue relating to the introduction of the defendant's decedent's answer to the written interrogatories proposed by the plaintiffs, dated March 31, 1966, must be considered. The written interrogatories proposed by the plaintiffs consisted of 72 questions and the answer of the appellee's decedent to interrogatories 64, 65 and 66 was "none other than Karen Rockwell". The three interrogatories to which this constituted an answer were:

"64. If the answer to questions (a) through (f) is 'yes', give details including dates, times and places.

"65. State your version of the collision with the plaintiff. Give full details and state all facts you will tell the court if you are called upon to testify at the trial of this matter.

"66. List all witnesses you know of who have any knowledge of the facts of this case, including their names and addresses."

On the same date as the sworn interrogatories were answered the decedent filed his unsworn answer and affirmative defense alleging contributory negligence and contending in part:

"(c) In bringing the said 1958 Ford automobile to a sudden and unexpected stop on the main traveled portion of the street or highway without warning or signal, and so shortly in front of defendant's vehicle that he was unable to avoid the collision, her actions thereby causing the situation of sudden peril and emergency from which defendant could not extricate himself by the exercise of due care."

It would, therefore, appear that the decedent, in two separate documents dated the same day, one sworn and one unsworn, alleged that plaintiff had suddenly stopped her car on the main traveled portion of the highway without warning, and in the answer to interrogatory 65 stated he had no version of the accident other than Karen Ann Rockwell's. At the trial it was the defendant's claim that plaintiff had pulled over onto the north shoulder or berm of the highway and, without any signal indicating her intentions, suddenly turned left and into the path of defendant's decedent's car causing the collision. Certainly the jury was entitled to know that in March of 1966 the decedent, while alive, under oath indicated he had no version of the collision other

than Karen Rockwell's. While it may be said that defendant's decedent's answer to interrogatory 65 was not responsive and that appellant had the means at hand through discovery to obtain clarification of the answer it should be remembered that decedent died on May 24, 1966, less than two months after the sworn answers to the interrogatories were filed and only 14 days after the pre-trial conference at which appellants had asked for and had been granted the right to a discovery deposition of defendant's decedent and over 19 months before the trial of this case. The defendant maintained, and the trial court held, that such answers were not admissible since they are prohibited by the so-called "deadman's statute", MCLA § 600.2166 (Stat Ann 1970 Cum Supp § 27A.2166). While the defendant is correct in his assertion that interrogatories and depositions are subject to objection when proffered at trial (GCR 1963, 309.3 and 302.5), his contention that the sworn interrogatories here at issue are not admissible because of the "deadman's statute" is not valid for a number of reasons. First, the statute was designed to protect a deceased person or a person incapable of testifying from possible lies which he can no longer refute. It is this Court's opinion that sworn answers to written interrogatories, prepared by the defendant with the assistance of counsel, do not require such protection. The so-called "deadman's statute", after providing that the opposite party may not, in the absence of corroborating testimony, testify as to matters equally within the knowledge of a party incapable of testifying, further provides:

"(3) In any such actions, all entries, memoranda and declarations by the individual so incapable of testifying, relevant to the matter, as well as evidence of his acts and habits of dealing tending to

disprove or show the improbability of the claims of the adverse party, may be received in evidence."

Certainly a sworn answer to a written interrogatory falls well within the terminology "all entries, memoranda and declarations by the individual so incapable of testifying".

GCR 1963, 302, further provides that the deposition or interrogatory of a witness, whether or not a party, may be used at trial for any purpose if the court finds that the witness is dead; there is no dispute in this matter that the original defendant, Allen J. Vandenbosch, is deceased and was dead at the time of the trial.

If a practice, which appears to be in this instance evident, has been followed by the Bar of this state, contrary to the intent of the General Court Rules, that interrogatories and depositions need not contain answers responsive to the questions, this Court feels the Bar should understand that, knowing of the frailty of human life, a witness will be bound by his sworn answers should he die prior to trial. Counsel should, in his client's best interests, make certain that the answers given to the questions posed adequately state the facts, explanatory or otherwise. The purpose of discovery proceedings is to narrow the issues and eliminate surprise. If counsel, as a matter of trial strategy, elects to answer inadequately questions posed in interrogatories then he has elected to run the risk of his client's death before trial and the submission of such sworn answers to the trier of the facts. The failure to admit such interrogatories was error.

GCR 1963, 529.1, however, provides that if an error is harmless reversal will not result. To find such error harmless it would be necessary for this Court to find that the introduction of the interroga-

tories and their answers would not affect a reasonable person in arriving at a decision. It is this Court's opinion that the admission of the interrogatories and sworn answers might very well affect the outcome of deliberations by reasonable people of the facts in evidence. It is, therefore, the Court's opinion that the failure to admit such interrogatories and the answers into evidence constitutes reversible error and this cause is remanded for a new trial.

Most of the other allegations of error raised by the appellants will either not likely reoccur on new trial or, in the opinion of this Court, did not constitute reversible error and are not, therefore, specifically dealt with in this decision.

For the benefit of the trial court and counsel, the trial court's admission in evidence of the recording was correct and in accordance with the prevailing law; Anno, 58 ALR2d 1024; *Boyne City, Gaylord & Alpena Railroad Co.* v. *Anderson* (1906), 146 Mich 328; and the question as to the constitutionality of MCLA § 500.3030 (Stat Ann 1957 Rev § 24.13030) was correctly ruled on by the trial court as was the trial court's ruling in excluding evidence relating to acts of the appellee's decedent following the accident. Nor does this Court find that the trial court prohibited testimony by appellant Mrs. Rockwell.

This matter is reversed for a new trial not inconsistent with this opinion with no costs allowed since appellants failed to comply with the court rules in preparation of their brief on appeal.

All concurred.