Cavanagh, J.
Plaintiff, Patricia Persichini, as personal representative of the estate of Mildred Mikoljeski, appeals by leave granted from the trial court order assessing plaintiff’s counsel with mistrial sanctions in this medical malpractice action. We affirm in part and reverse in part.
Plaintiff filed the instant lawsuit alleging that defendants’ failure to diagnose and treat Mikoljeski’s *629 respiratory distress led to her death. A trial before then Circuit Judge Hilda Gage commenced on October 16, 1995. On the third day of trial, while cross-examining defendant Dr. Richard A. Herbert, plaintiffs counsel asked: “Doctor, is it true that in your career, you have been sued for medical malpractice six or eight times?” The defense objections were immediate and vociferous. Defense counsel moved for a mistrial and requested costs. Plaintiffs counsel protested that the question had been asked without objection at Dr. Herbert’s deposition, and that he therefore had not had any reason to believe that there would be an objection to the question at trial. The trial court ruled that the question was improper and, because it did not see how the error could be cured, stated that it was inclined to grant defendants’ motion for a mistrial. However, the court recessed the proceedings so that the parties could present authority in support of their arguments.
When court reconvened, counsel for Dr. Herbert stated that plaintiff’s counsel had misrepresented the record with regard to defendant Dr. Herbert’s deposition. In fact, there had been an objection to the question regarding prior medical malpractice lawsuits. Plaintiff’s counsel conceded that the question had been objected to at the deposition. However, he asserted that the question was not improper because the “answers to that question and subsequent questions may well have been relevant and material in this case.” Specifically, plaintiff’s counsel explained that in other cases where Dr. Herbert had been sued, it had been alleged that, as in the present case, he had failed to properly diagnose the patient. Furthermore, plaintiff’s counsel argued that “it may well be that in *630 some of those prior cases Doctor Herbert has hired the same experts that he has in this case and I may be able to develop some bias or prejudice argument along those lines.”
Plaintiffs counsel further argued that, even if the question were improper, a mistrial was not warranted because defendants had been on notice of his intention to ask the question and had not brought a motion in limine to prevent it. Moreover, plaintiffs counsel stated that the question had not been answered and, therefore, any error could be cured by instructing the jury to disregard it.
The trial court disputed counsel’s assertion that Dr. Herbert had not responded to the question, stating that she had heard him say “yes.”[1] Regardless, the trial court concluded that the question was “overwhelmingly prejudicial,” and it could not see how the jurors could be made to forget what they had heard. Accordingly, the trial court granted defendants’ motion for a mistrial.[2] With regard to defendants’ request for sanctions, the court stated that the action of plaintiff’s counsel had caused the mistrial, and it *631 believed that “a practitioner of [his] experience” should have known that the question was “highly prejudicial and not relevant to any issue in this case.” Therefore, the court ordered plaintiff’s counsel to pay mistrial sanctions. The court awarded $7,500 in attorney fees and $10,000 to defendants to compensate them for the income they had lost in the three days they had spent in court. In addition, the court awarded $910 as reimbursement for the cost of flying a witness in from Boston for the trial.
Plaintiff filed an interlocutory application for leave to appeal. This Court, in lieu of granting leave to appeal, reversed the trial court’s award of sanctions on the basis that the sanctions were premature before final resolution of the case.[3]
In October 1996, a trial was held before Judge Denise Langford Morris. The jury returned a verdict of no cause of action in favor of defendants. Subsequently, defendants renewed their motion for mistrial sanctions. Judge Langford Morris instructed the parties to provide the transcript of the mistrial and authority in support of their positions. Subsequently, Judge Langford Morris reinstated the award of sanctions for the reasons set forth in the opinion issued by Judge Gage. The order incorporating all the post-trial rulings was entered on April 21, 1997. This Court granted plaintiff’s delayed application for leave to appeal.
*632 i
Plaintiff first argues that the question posed by counsel was not improper. The trial court has the discretion to control the questioning of witnesses, and we review its determination of the scope of cross-examination for an abuse of discretion. Richardson v Ryder Track Rental, Inc, 213 Mich App 447, 454; 540 NW2d 696 (1995). An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion. Schoensee v Bennett, 228 Mich App 305, 314-315; 577 NW2d 915 (1998).
Under MRE 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, pursuant to MRE 608(b), a court may, in its discretion, allow inquiry regarding specific instances of the conduct of a witness for the purpose of attacking or supporting the witness’ credibility where the conduct at issue is probative of the witness’ character for truthfulness or untruthfulness.
In Heshelman v Lombardi, 183 Mich App 72, 82; 454 NW2d 603 (1990), the trial court allowed counsel for the defendant to cross-examine the plaintiffs expert regarding an unrelated malpractice suit brought against him. This Court held that the trial court abused its discretion in permitting the defense counsel’s questions, because the mere fact that the plaintiff’s expert had been named as a defendant in a malpractice suit was not probative of his truthfulness, competency, or knowledge. Id. at 85. The Heshelman Court explained:
*633 Mere unproven accusations of malpractice stated in a complaint cannot be used as a basis for attacking a physician’s knowledge and credibility- Such allegations of malpractice are analogous to unproven charges of criminal activity. Arrests and charges not resulting in conviction may not be used for impeachment. Similarly, the mere fact that someone has been named as a defendant in a malpractice lawsuit may not be used to impeach his credibility as an expert witness. [Id. (citations omitted).]
Approximately five years later, our Supreme Court addressed the propriety of posing various questions to experts in medical malpractice cases in Wischmeyer v Schanz, 449 Mich 469; 536 NW2d 760 (1995). In Wischmeyer, the trial court allowed the defendant to cross-examine the plaintiffs expert regarding unsuccessful surgeries that he had performed. The Supreme Court held that such cross-examination was permissible because the surgeries were relevant to the expert’s competency. Id. at 479-480. However, the Court stated that it was improper for the defendant to inquire into an unrelated medical malpractice action against the expert. The Court explained, “[T]he mere fact that an expert may have been named in an unrelated medical malpractice action is not probative of his truthfulness under MRE 608 or relevant to his competency or knowledge.” Id. at 482.
In the present case, plaintiff argues that the question regarding other medical malpractice actions was proper because Dr. Herbert was testifying as an expert on his own behalf and, therefore, his past failures were relevant. Plaintiff’s argument fails, however, because the question posed by counsel did not address any alleged misdiagnoses made by Dr. Her *634 bert in other cases. Rather, plaintiff’s counsel asked whether Dr. Herbert had previously been a defendant in multiple other medical malpractice cases. Both the Wischmeyer and the Heshelman Courts held that evidence of prior malpractice actions against a witness is not relevant to the witness’ competency or knowledge. Thus, the trial court correctly ruled that the question was improper.
Plaintiff also contends that the question was proper because it was an attempt to explore the bias of Dr. Herbert’s experts. Plaintiff notes that in Wilson v Stilwill, 411 Mich 587, 600-602; 309 NW2d 898 (1981), the Supreme Court found that the trial court did not abuse its discretion in permitting cross-examination regarding the expert’s involvement in prior malpractice cases brought by the plaintiffs’ counsel. However, the Court also stated that such evidence is only minimally probative of bias and should be carefully scrutinized by the trial court. See id. at 601. In the present case, plaintiff’s counsel did not ask Dr. Herbert whether the experts had previously testified on his behalf. Instead, counsel asked Dr. Herbert whether it was true that he had been sued six or eight times, without any basis for believing that Dr. Herbert had utilized these same experts in all the other lawsuits.[4] *635 Accordingly, we reject plaintiffs contention that the question was proper as a means of exploring the possible bias of Dr. Herbert’s experts.
Plaintiff notes that in Wischmeyer the Supreme Court did not hold that evidence of prior medical malpractice actions would never be relevant. See Wischmeyer, supra at 482, n 25. However, while evidence of other malpractice lawsuits may be relevant in some circumstances, plaintiff has not advanced any plausible basis for introducing such evidence in the present case. Accordingly, the trial court did not abuse its discretion in concluding that the question posed by plaintiff’s counsel was improper.
n
Plaintiff next asserts that, even if counsel’s question were improper, the trial court erred in granting defendants’ motion for a mistrial. Whether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice. Schutte v Celotex Corp, 196 Mich App 135, 142; 492 NW2d 773 (1992).
Plaintiff argues that the trial court should not have declared a mistrial because counsel’s question did not unfairly prejudice defendants. Plaintiff notes that in Wischmeyer the Supreme Court found that the defendant’s inquiry into an unrelated medical mai *636 practice action against the plaintiff’s expert constituted harmless error. See Wischmeyer, supra at 482-483. However, the Wischmeyer Court concluded that the error was harmless because the expert had already “been thoroughly discredited,” and on redirect examination the plaintiff’s counsel was able to establish that the malpractice action had never gone to trial. See id. In the present case, plaintiff does not claim, and we find no indication in the record, that Dr. Herbert’s testimony had been similarly discredited when counsel posed the inappropriate question.
Plaintiff also cites a number of cases in which this Court found that a single improper comment constituted harmless error. However, this Court has never held that an inappropriate reference to prejudicial matters will be harmless in all circumstances. The prejudicial effect of the comment must be evaluated case by case.
In the present case, plaintiff’s counsel failed to establish that the question had a proper purpose. Moreover, the form of the question was particularly prejudicial, because it implied plaintiff’s counsel had knowledge that Dr. Herbert had been sued for malpractice six or eight times. Finally, the prejudice was exacerbated by the fact that, unlike in Wischmeyer and Heshelman, the question was directed to a defendant rather than a mere expert witness. The jury may well have believed that it was more likely that Dr. Herbert committed malpractice in the instant case because he had been accused of malpractice in other cases. Under the circumstances, the trial court did not abuse its discretion in concluding that a mistrial was required because a curative instruction would *637 not have sufficed to cure the prejudice to defendants.[5]
We reject plaintiffs argument that counsel had a legitimate expectation that the question was proper because defendants failed to file a motion in limine to exclude evidence of other malpractice suits against Dr. Herbert. There is no requirement that a party anticipate every improper question that an opponent might ask and file a motion in limine to prevent it. The rules of evidence provide that, to the extent practicable, jury proceedings shall be conducted so as to prevent inadmissible evidence from being suggested to the jury by any means. See MRE 103(c). The Supreme Court decided Wischmeyer more than two months before the trial, and this Court decided Heshelman more than 5 1/2 years before the trial. Thus, plaintiffs counsel could not have had a legitimate belief that the question was proper.
m
Plaintiff next argues that the trial court did not have the authority to impose awards of defendants’ attorney fees and lost income, as well as the travel expenses of a witness. Whether the trial court has the authority to impose such awards as a sanction is a question of law, subject to review de novo. See Miller v Allied Signal, Inc, 235 Mich App 710, 715; 599 NW2d 110 (1999).
The trial court based its imposition of sanctions on plaintiff’s counsel on its inherent authority to penalize *638 misconduct. Plaintiff maintains that the award of sanctions was improper because it was not specifically authorized by court rule or statute. In support of this argument, plaintiff relies on MCL 600.2401; MSA 27A.2401 and MCL 600.2455; MSA 27A.2455. The former statute provides:
Except as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs. When costs are allowed in any action or proceeding in the supreme court, the circuit court or the district court the items and amount thereof shall be governed by this chapter except as otherwise provided in this act. [MCL 600.2401; MSA 27A.2401.]
The latter statute states:
Costs in the circuit court, in the district court, and in municipal courts of record having civil jurisdiction, may be taxed by any of the judges or clerks of the courts and upon notice and proceedings as shall be provided by the rules of the supreme court. [MCL 600.2455; MSA 27A.2455.]
We conclude, however, that these statutes apply only to fee-shifting rules that actualize a substantive policy, such as a statute that permits a prevailing party in certain classes of litigation to recover fees.[6] These statutes do not affect a court’s exercise of its inherent powers, because the primary source of judicial power is constitutional in origin. See Const 1963, art 3, § 2; Const 1963, art 6. The judiciary possesses all the authority necessary to exercise its powers as a *639 coordinate branch of government. In re 1976 PA 267, 400 Mich 660, 662-663; 255 NW2d 635 (1977). The separation of powers doctrine prohibits the Legislature from encroaching on judicial functions. State Bar of Michigan v Galloway, 124 Mich App 271, 279; 335 NW2d 475 (1983), aff'd 422 Mich 188; 369 NW2d 839 (1985). Thus, the court’s inherent powers, which flow from the constitution, may not be abridged or restricted by statute. Attorney General, ex rel Cook v O’Neill, 280 Mich 649, 657; 274 NW 445 (1937); Calvert v Lapeer Circuit Judges, 187 Mich App 431, 438; 468 NW2d 253 (1991) (Griffin, J., dissenting), rev’d 442 Mich 409; 502 NW2d 293 (1993).
Plaintiff correctly states that attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award. See McAuley v General Motors Corp, 457 Mich 513, 519; 578 NW2d 282 (1998). The present case, however, constitutes an exception to the general rule, because the trial court awarded costs to defendants as an exercise of its inherent power.[7]
This Court has repeatedly recognized that a trial court has inherent authority to impose sanctions on the basis of the misconduct of a party or an attorney.[8]
*640 See Prince v MacDonald, 237 Mich App 186, 189; 602 NW2d 834 (1999); Carpenter v Consumers Power Co, 230 Mich App 547, 556-557; 584 NW2d 375 (1998); Brenner v Kolk, 226 Mich App 149, 159-160; 573 NW2d 65 (1997); Cummings v Wayne Co, 210 Mich App 249, 252; 533 NW2d 13 (1995); People v Taylor, 159 Mich App 468, 471, n 4; 406 NW2d 859 (1987). In addition, our Supreme Court has “recognized the inherent power of a court to control the movement of cases on its docket by a variety of sanctions.” Banta v Serban, 370 Mich 367, 368; 121 NW2d 854 (1963). Furthermore, MCL 600.611; MSA 27A.611 provides, “Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts’ jurisdiction and judgments.”
In Cummings, supra at 252-253, this Court held that a court has the inherent authority to dismiss a lawsuit as a sanction for litigant misconduct. It therefore follows that the less severe sanction of an assessment of attorney fees is within a court’s inherent power as well. We conclude that a court’s inherent power to sanction misconduct and to control the movement of cases on its docket includes the power *641 to award attorney fees as sanctions when the egregious misconduct of a party or an attorney causes a mistrial. The ability to impose such sanctions serves the dual purposes of deterring flagrant misbehavior, particularly where the offending party may have deliberately provoked a mistrial, and compensating the innocent party for the attorney fees incurred during the mistrial.[9]
Plaintiff, relying on Benmark v Steffen, 374 Mich 155; 132 NW2d 48 (1965), argues that a court cannot assess any costs following a mistrial. In Bemnark, the Supreme Court reversed a verdict for the plaintiff and remanded for a new trial because of the misconduct of counsel for both parties. In its opinion, the Court stated that the plaintiff could recover the “costs incurred on account of such mistrial only in event she recovers judgment upon new trial.” Id. at 165. This Court has subsequently cited Bemnark in holding that a trial court cannot assess costs immediately following the grant of a mistrial, but must await the final disposition of the case. See Fenton Country House, Inc v Auto-Owners Ins Co, 63 Mich App 445, 450; 234 NW2d 559 (1975); Carmack v Cichon, 42 Mich App *642 233, 235; 201 NW2d 669 (1972). Indeed, in plaintiffs first appeal in this case, this Court relied on Fenton Country House and Carmack in holding that the trial court’s award of sanctions was premature. Thus, we reject plaintiff’s claim that Benmark prohibits the sanctions imposed in the instant case.
An exercise of the court’s inherent power may be disturbed only upon a finding that there has been a clear abuse of discretion. Brenner, supra at 160. We find that the trial court did not clearly abuse its discretion in awarding attorney fees to defendants. The trial court appropriately balanced the harshness of the sanction against the gravity of the misconduct, see Cummings, supra at 253, and concluded that dismissal of plaintiff’s case would be too harsh a sanction. However, the court determined that the sanction of attorney fees was warranted to compensate defendants for the costs of the aborted trial.
The trial court found that plaintiff’s counsel is an experienced attorney who should have known better than to ask Dr. Herbert about other malpractice suits against him. Plaintiff does not contend that this finding is clearly erroneous. See Cipri v Bellingham Frozen Foods, Inc, 235 Mich App 1, 8; 596 NW2d 620 (1999). When trial began, this Court’s holding that evidence that a witness had been named as a defendant in a malpractice suit is not probative of the witness’ truthfulness, competency, or knowledge had been in place for 5V2 years. See Heshelman, supra at 85. Plaintiff’s counsel made no showing that he had a good-faith basis for his question. When initially asked to justify the question, counsel stated (incorrectly) only that defendants had not objected to the question at Dr. Herbert’s deposition. Plaintiff’s counsel did not *643 attempt to offer a proper basis for the question until the parties returned to the courtroom after a two-hour recess and, even then, was unable to provide a credible rationale for the question. Thus, the trial court may well have concluded that plaintiffs counsel had deliberately attempted to place prejudicial information before the jury.
Finally, the trial court properly limited the sanction to the attorney fees defendants incurred as a result of plaintiffs counsel’s misconduct. Thus, defendants were awarded attorney fees only for the time their attorneys spent in court during the abrogated trial. Defendants were not compensated for any attorney fees related to trial preparation, which could be used at the retrial, or for the attorney fees incurred during the retrial. Thus, the trial court simply attempted to put defendants in the position they would have been in absent the misconduct of plaintiff’s counsel.
However, with regard to the awards of lost income and travel expenses related to producing a witness for the trial, we conclude that the trial court abused its discretion. Unlike the award of attorney fees, compensation for lost income and travel expenses does not constitute a traditional sanction for party misconduct, and we do not believe that awarding such compensation is appropriate or wise. The imposition of such awards would open Pandora’s box with respect to sanctions for litigant misconduct. For example, should a criminal defendant be compensated for lost income when a prosecutor causes a mistrial? If such a step is to be taken, we believe that it should be done by the Legislature or our Supreme Court. Accordingly, we reverse the portion of the trial *644 court’s award that compensates defendants for lost income and travel expenses.
IV
Plaintiff also claims that the amount of the sanction imposed on counsel was excessive. We disagree.
After questioning the three defense attorneys regarding their respective hourly rates, Judge Gage awarded $7,500 in attorney fees. Plaintiff asserts that the trial court erred in not addressing the factors set forth in Crawley v Schick, 48 Mich App 728; 211 NW2d 217 (1973), for determining reasonable attorney fees. These factors include (1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client. Id. at 737. However, in the present case, where the trial court was simply imposing attorney fees as compensation for three wasted days in court, some of the Crawley factors are not relevant. With the total award of $7,500, the trial court assessed a fee of approximately $104 an hour for each of the three attorneys, each of whom represented a separate defendant. Considering the attorneys’ statements regarding the amount they billed per hour, plaintiff has not established that the total award constituted an abuse of discretion. See Brenner, supra.
Lastly, plaintiff contends that Judge Langford Morris abused her discretion by reinstating Judge Gage’s award of mistrial sanctions without first subjecting the amount of the award to additional review. However, when defendants asked Judge Langford Morris *645 to reimpose the sanctions following the retrial, plaintiff contended only that Judge Gage’s award of mistrial sanctions could not be reinstated because it had been reversed by this Court. In the brief in support of her motion for reconsideration, plaintiff’s sole argument was that the trial court did not have the authority to impose the sanctions. Because plaintiff never argued to Judge Langford Morris that the amount of the requested sanctions was excessive, the latter’s failure to hold an evidentiary hearing to address the issue was not an abuse of discretion.
Affirmed in part and reversed in part.
Collins, P.J., concurred.

 On appeal, plaintiff continues to assert that Dr. Herbert never responded to counsel’s question. As plaintiff points out, the transcript of the videotaped proceedings does not contain any indication that Dr. Herbert made any reply to the question before defense counsel objected. However, at the beginning of his cross-examination of Dr. Herbert, plaintiff’s counsel cautioned the witness that, because there was no court reporter, it was extremely important that he be allowed to complete his questions before the witness began to answer so the audio recording system could pick up every statement. Thus, it is possible that any response by Dr. Herbert was lost in the vociferous objections of the defense attorneys. Plaintiff claims that the videotape “clearly indicates” that the witness never attempted to answer the question. However, because plaintiff did not provide the videotape to this Court, we are unable to review it for ourselves.

 The trial judge noted that, in seventeen years on the bench, this was only the second time that she had declared a mistrial.

 Estate of Mildred Mikoljeski v William Beaumont Hosp, unpublished order of the Court of Appeals, entered March 14, 1996 (Docket No. 192155).

 Plaintiff submitted documentary evidence showing that Dr. Herbert named the two experts as expert witnesses in another case, and defendant Beaumont Hospital named the same two experts as expert witnesses in a separate case. Plaintiff has provided no evidence that Dr. Herbert used the two experts in six or eight other cases. Moreover, the question posed by plaintiff’s counsel was not limited to the actual number of other lawsuits in which Dr. Herbert had named the two experts. Rather, the question incorporated numerous other medical malpractice actions against Dr. Herbert.
Plaintiff argues that counsel should have been permitted to explore whether the two experts had received repeat business from Dr. Herbert, *635 wMch might indicate that their testimony was biased. However, as the trial court observed, the proper time for plaintiffs counsel to have investigated this area was during pretrial discovery. See Rockwell v Vandenbosch, 27 Mich App 583, 589; 183 NW2d 900 (1970) (“The purpose of discovery proceedings is to narrow the issues and eliminate surprise.”).

 Even if we were to find that the trial court abused its discretion in granting defendants’ motion for a mistrial, there is no remedy that this Court can grant. The dismissal of the jury necessitated a retrial, which has already taken place.

 As this Court has stated, “ ‘[Pjolicy selection is the task of the Legislature, not the prerogative of the judiciary.’ ” People v Valentin, 220 Mich App 401, 416; 559 NW2d 396 (1996), quoting Goodridge v Ypsilanti Twp Bd, 209 Mich App 344, 352; 529 NW2d 665 (1995), rev’d on other grounds 451 Mich 446; 547 NW2d 668 (1996).

 This Court has also found that an exception to the general rule exists where the parties seeking to recover attorney fees as damages have been forced to expend money to defend because of the wrongful acts of another. See Warren v McLouth Steel Corp, 111 Mich App 496, 508-509; 314 NW2d 666 (1981).

 The United States Supreme Court has explained:
It has long been understood that “[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,” powers “which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.” United *640 States v Hudson, 7 Cranch 32, 34 [3 L Ed 259 (1812)]; see also Roadway Express, Inc v Piper, 447 US 752, 764 [100 S Ct 2455, 2463; 65 L Ed 2d 488 (1980)] (citing Hudson). For this reason, “Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.” Anderson v Dunn, 6 Wheat 204, 227 [5 L Ed 242 (1821)]; see also Ex parte Robinson, 19 Wall 505, 510 [22 L Ed 205 (1874)]. These powers are “governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” Link v Wabash R Co, 370 US 626, 630-631 [82 S Ct 1386, 1388-1389; 8 L Ed 2d 734 (1962)]. [Chambers v NASCO, Inc, 501 US 32, 43; 111 S Ct 2123; 115 L Ed 2d 27 (1991).]

 This Court has previously found that a court could require a party to pay the other party’s attorney fees as compensation for its losses. In McKelvie v Mount Clemens, 193 Mich App 81, 84-85; 483 NW2d 442 (1992), the Court held that a trial court could condition the granting of the plaintiffs request for a voluntary dismissal on the payment of the defendant’s attorney fees. The McKelvie Court concluded that such a condition was permissible under MCR 2.504, which allows a court to dismiss an action at the request of the plaintiff upon terms and conditions that the court determines are proper. Although the Court did not explicitly say so, it is clear from the directive that the plaintiff could not be required to pay the defendant’s costs and attorney fees for any work product that would be usable in a pending lawsuit in federal court that the rationale was to return the defendant to the position that it would have been in if the plaintiff had not initiated the action. See McKelvie, supra at 85.