# STATE OF MICHIGAN

# COURT OF APPEALS

CINDY WHITNEY,

        Plaintiff,

and

AMERICAN SURGICAL CENTERS I, INC., and
AMERICAN SURGICAL CENTERS II, INC.,

        Intervening Plaintiffs,

v

COURTNEY SCHULTZ, JOHN DOE, and
AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendants,

and

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

DENNIS KAWECKI and TIMELY
TRANSPORTATION LLC,

        Third-Party Defendants,

and

CARLA AIKENS,

        Third-Party Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 338094
Wayne Circuit Court
LC No. 12-009385-NI

Before: M.J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

-1-

PER CURIAM.

Third-party defendant, Carla Aikens, appeals by right the trial court's stipulated order of dismissal of the claims of plaintiff, Cindy Whitney, against defendant/third-party plaintiff, Allstate Property and Casualty Insurance Company. Aikens only challenges the trial court's December 2016 order, which required her to pay $23,897.78 in sanctions and attorney fees to Allstate. We conclude that the trial court properly exercised its discretion to impose a sanction on Aikens and did not abuse its discretion in determining the amount of the sanction to impose. Aikens deliberately thwarted Allstate's efforts to determine proper insurance coverage and her actions necessitated the filing of the third-party complaint. Further, the evidence and the trial court's credibility determinations support its finding that "[m]any of Allstate's motions were the direct result of Aiken's deliberate obfuscation of the issues and direct effort to thwart Allstate in its discovery and defense of the case." Moreover, Aiken's did not challenge the reasonableness of the hourly attorney fee rate or the amount of the hours billed, which related only to the third-party complaint. Consequently, we affirm.

Trial courts have the inherent authority to sanction litigants and their counsel. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Additionally, "courts have inherent power to sanction the bad-faith or vexatious use of collateral proceedings." *Prince v MacDonald*, 237 Mich App 186, 189; 602 NW2d 834 (1999). This Court reviews a trial court's exercise of its inherent authority to sanction litigants for an abuse of discretion. *Maldonado*, 476 Mich at 388. A trial court's award of attorney fees and costs is reviewed for an abuse of discretion. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). "An abuse of discretion occurs when the decision is outside the range of principled outcomes." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011).

A court's inherent authority to sanction litigants "constitutes an exception to the general rule" that attorney fees are not generally recoverable. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999). When imposing sanctions by way of a court's inherent authority, a trial court should balance "the harshness of the sanction against the gravity of the misconduct . . . ." *Id*.

Trial courts are also expressly permitted to sanction litigants as provided by court rule and statute. MCR 2.625(A)(2) provides that "[i]n an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591."

In November 2014, the trial court entered an order imposing $3,750 in sanctions against Aikens. Aikens moved for reconsideration, and the trial court agreed to hold an evidentiary hearing regarding the amount of sanctions because the trial court conceded that it had determined the amount of sanctions "out of thin air." After the evidentiary hearing on the motion for reconsideration, the trial court entered an order in December 2016, imposing a sanction of $23,897.78 against Aikens. This amount represented the attorney fees Allstate incurred as a result of Aikens's misconduct.

In its December 2016 order, the trial court set forth its findings of fact that supported its imposition of sanctions against Aikens. Specifically, the trial court found that in November 2011

plaintiff had been in an automobile accident while she was being transported in an automobile by Kawecki, an employee of Timely Transportation, and that Aikens owned Timely Transportation. The court found that plaintiff spoke with Aikens following the November 2011 accident and that Aikens told plaintiff "to collect benefits from Allstate, [plaintiff's] own insurance company" and that plaintiff should "not go to the hospital."

The trial court found that plaintiff filed its PIP suit for the November 2011 accident against Allstate because plaintiff believed that Timely Transportation was uninsured. In response to plaintiff's complaint, Allstate asserted that "it was not the primary insurer" and that Allstate had tried to determine the priority insurance carrier for the November 2011 accident.

The trial court found that Aikens "deliberately thwarted Allstate's efforts to determine coverage" by failing "to respond to inquiries about coverage," that Aikens "defended Kawecki at his deposition" where she "knew [that] Kawecki's car was under Timely's [sic] policy," and that Aikens agreed "to produce" Timely Transportation's insurance policy, yet she only produced that document after Allstate filed a third-party complaint against Aikens, Kawecki, and Timely Transportation. The trial court noted a February 2013 email[1] from Aikens to Allstate in which Aikens "contested the production of the policy because Kawecki was not at fault in the accident."

The trial court also found that "Aikens had an interest in [plaintiff's] suit vis a vis Kawecki, Timely [Transportation], and herself." The trial court explained that while plaintiff subsequently amended her complaint to include a claim against Timely Transportation's insurer, American Country Insurance Company, those claims were dismissed "based on the statute of limitations;" therefore, plaintiff "had no recovery" for the November 2011 accident.

The trial court noted that it found plaintiff's testimony credible but that Aikens was not credible "especially in regard to her 'advice' to [plaintiff] and her reasons for not providing the policy of insurance" for Timely Transportation. The court observed that Aikens "had a substantial interest in the litigation as owner of Timely Transportation and Kawecki's employer."

Moreover, the trial court found that "[m]any of Allstate's motions were the direct result of Aiken's [sic] deliberate obfuscation of the issues and direct effort to thwart Allstate in its discovery and defense of the case." Therefore, the trial court found that Aikens's actions resulted in a "detriment" to plaintiff, and that her actions "caused extra efforts to Allstate because of personal animosity and hostility Aikens had toward Allstate and its attorneys." It observed that Aikens's conduct "thwarted justice and was deliberately designed to harass Allstate." Ultimately, the trial court imposed $23,897.78 in sanctions against Aikens, which represented Allstate's attorney fees for the "unnecessary discovery and defense as to" Timely Transportation,

---

[1] In that email, Aikens stated that Timely Transportation's insurance policy did "not cover accidents in which the driver was not at fault, and since Mr. Kawecki was not at fault and isn't even a party, [Aikens] didn't see how [it was] relevant, especially with respect to PIP coverage for which the order of priority would be [plaintiff's] own insurance."

Kawecki, and Aikens. The trial court based its sanctions against Aikens partly on its inherent sanctioning power and partly on Aikens's violations of MCR 2.114(D).[2]

Contrary to Aikens's contentions, the trial court explained, at length, the basis for its sanctions against Aikens and how its sanctions were based on its inherent sanctioning power and on Aikens's violations of MCR 2.114(D). Moreover, while Aikens contends that the trial court erred when it referenced MRPC 8.4(c)[3] in its order, the trial court's reference to MRPC 8.4(c) only served to highlight what the trial court found objectionable about Aikens's conduct: it found that Aikens's conduct also resulted in plaintiff's inability to pursue a claim against Timely Transportation's insurer, American Country Insurance Company. Therefore, Aikens's contentions are wholly without merit.

Aikens also argues that the trial court erred when it ordered sanctions against Aikens for conduct that occurred "six months prior to Aikens' being sued and entering an appearance in this matter," and that the authorities the trial court relied on are inapplicable.

The United States Supreme Court has affirmed the imposition of sanctions against a defendant for conduct designed to deprive the trial court of jurisdiction that the defendant specifically undertook after he received notice of a forthcoming lawsuit. *Chambers v NASCO, Inc*, 501 US 32, 55 n 17; 111 S Ct 2123; 115 L Ed 2d 27 (1991). Moreover, the Court explained that "the sanctions imposed on [the defendant] were aimed at punishing not only the harm done to [the plaintiff], but also the harm done to the court itself." *Id*.

Aikens's conduct is analogous to the conduct of the defendant in *Chambers*. After Aikens received notice of the November 2011 accident, Aikens spoke with plaintiff and told plaintiff "to collect benefits from Allstate, [plaintiff's] own insurance company," and that plaintiff should "not go to the hospital." Further, the trial court found that Aikens had "deliberately thwarted Allstate's efforts to determine coverage" by failing "to respond to inquiries about coverage[.]" And ultimately, the trial court found that Aikens's actions resulted in the untimely filing of plaintiff's claims against Timely Transportation's insurer, American Country Insurance Company. That conduct, in turn, resulted in plaintiff's having "no recovery" for the November 2011 accident and Allstate's having to expend additional efforts for defense and discovery pertaining to Aikens, Timely Transportation, and Kawecki.

In *Helmac Products Corp v Roth (Plastics) Corp*, 150 FRD 563, 568 (ED Mich, 1993),[4] the court set forth a two-part test to determine whether a non-party could be subject to a court's inherent sanctioning power: "To be subject to [a court's] inherent power to sanction, a non-party

---

[2] MCR 2.114 has been repealed, effective September 1, 2018. Michigan Supreme Court Order, Adm File No. 2002-37 (May 30, 2018), 501 Mich cxx, cxxxvii.

[3] "It is professional misconduct for a lawyer to . . . (c) engage in conduct that is prejudicial to the administration of justice . . . ." MRPC 8.4(c)

[4] Generally, while the decisions of inferior federal courts are not binding on this Court, they may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

not subject to court order must (1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." As the federal district court explained, this test effectively limits the scope of a court's inherent power to sanction to those individuals who were either (1) parties, (2) subject to the court's order, or (3) the real parties in interest. *Id*.

In this case, the trial court applied the *Helmac* limiting test regarding the imposition of the sanctions it imposed against Aikens. The court found that Aikens "had a substantial interest in the litigation as owner of Timely Transportation and Kawecki's employer," and it detailed at length how Aikens had interfered with the proceedings. Additionally, the trial court highlighted its concern regarding how Aikens's conduct contributed to plaintiff's inability to seek any form of recovery related to the November 2011 accident.

As in *Chambers*, the trial court's imposition of sanctions against Aikens pertained to the harm Aikens caused to Allstate, plaintiff, and the trial court itself. See *Chambers*, 501 US at 55 n 17. Given Aikens's bare assertions in support of her argument that the trial court could not sanction her for conduct that occurred before she was named as a third-party defendant in Allstate's third-party complaint, we conclude Aikens has entirely failed to demonstrate how the trial court abused its discretion when it imposed sanctions against her for that conduct. Therefore, we hold that the trial court did not abuse its discretion imposing a sanction on Aikens.

Further, we find meritless Aikens's argument that Allstate failed to demonstrate that it incurred the $23,897.78 in attorney fees as a result of Aikens's misconduct.

During the evidentiary hearing pertaining to Aikens's motion for reconsideration, Allstate provided the trial court with an exhibit that contained billing statements from its counsel for the period from November 2012 until March 2014, and indicating that those fees were "the result of the actions or inactions of Ms. Aikens on behalf of Timely Transportation and her refusal to provide [Allstate's counsel] with the identity of the PIP carrier for Timely [Transportation] on [the date of the November 2011 accident]." After the evidentiary hearing, the trial court noted that the reasonableness of the hourly rate for attorney fees of Allstate's counsel and the reasonableness of the "expenditures in the bill" had not been challenged during the evidentiary hearing. In its December 2016 order, the trial court accepted the "litany of facts" Allstate provided regarding the efforts it expended to obtain a copy of the insurance policy for Timely Transportation that was in effect on the date of the November 2011 accident.

The trial court fully explained its rationale for imposing sanctions against Aikens for her conduct before she was named as a third-party defendant and properly found that plaintiff's claims against Allstate based on the November 2011 accident were precisely born out of Aikens's "advice" to plaintiff to file a claim with her own insurer, i.e., Allstate, and Aikens's refusal to provide information about Timely Transportation's insurer. In light of Aikens's egregious conduct, the harm it caused, and the fact that the sanction was only a fraction of Allstate's total attorney fees, we cannot find the sanction excessive.

We affirm. As the prevailing party, Allstate may tax its costs pursuant to MCR 7.219.

/s/ Michael J. Kelly
/s/ Jane E. Markey