*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARLENA FRONCZEK-DUCZYNSKA, also known as MARLENA FRONCZEK, and RANDALL FRITCHEY, also known as RANDY FRITCHEY,

UNPUBLISHED
May 12, 2026
8:52 AM

Plaintiffs-Appellees,

v

No. 371641
Macomb Circuit Court
LC No. 2019-004191-CK

TOTAL CONSTRUCTION & RENOVATION, LLC, and JASON SZYMBORSKI,

Defendants-Appellants.

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

This matter is before this Court on remand from our Supreme Court for consideration as on leave granted. *Fronczek-Duczynska v Total Construction & Renovation LLC*, 25 NW3d 374 (2025). Defendants, after having prevailed at a trial that followed the grant of a mistrial, now challenge the trial court's earlier ruling awarding attorney fees and costs to plaintiffs. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises out of a dispute involving the renovation of plaintiffs' home. Plaintiffs purchased the home on March 1, 2019. On April 16, 2019, plaintiffs entered into a contract with defendant Total Construction & Renovation (Total Construction) to perform certain renovations on the home that included installing hardwood floors, staining and finishing woodwork, installing granite bathroom countertops, painting, framing and drywalling basement partition walls, and installing a jacuzzi tub in a bathroom.

On October 16, 2019, plaintiffs filed this action against Total Construction and Jason Szymborski, as the alleged owner of Total Construction. Plaintiffs raised various claims based on allegations of defective and untimely performance under the contract. The matter proceeded to trial. On the second day of trial, the presiding judge declared a mistrial. The circumstances surrounding the grant of a mistrial and the subsequent award of attorney fees and costs to plaintiffs

-1-

are the subject of the instant appeal and will thus be explained in sufficient detail to provide context for understanding the parties' appellate arguments.

On the second day of trial, during cross-examination of plaintiff Marlena Fronczek-Duczynska, defense counsel questioned Fronczek-Duczynska about her various bank accounts and specifically asked her, "You also have another account called the Marlena Fronczek 401 K trust. Correct?" Fronczek-Duczynska responded affirmatively and indicated that it was "one of the Chase accounts, checking accounts." She also testified that she did not have a personal checking account in her own name.

Fronczek-Duczynska acknowledged that there were four checks written from the Fronczek 401 K trust account and made payable to defendant Szymborski for the work on the subject property. There were two checks for $20,000, one check for $7,700, and one check for $6,000. Her testimony reflected that she did not write any checks to defendants from an account in her own name, but she described the trust account as "my account."

Fronczek-Duczynska testified that the subject property was owned by the trust and not by plaintiffs Fronczek-Duczynska and her husband, Randall Fritchey. However, she then clarified that she and her husband actually owned the property even though "it is in a trust." Fronczek-Duczynska stated, "I'm part of the trust. I am the trust owner." The following testimony and discussion then occurred that, although seemingly quite tangential to the nature of the action as framed by the complaint, actually constitutes the fundamental root of the issue presented in the instant appeal:

BY MR. KUHR [defense counsel]:

Q. In paragraph 12 of your amended complaint you say Marlena Fronczek paid 20,000 on April one and April 16, which are these two checks. Do you recall making that allegation?

A. I did pay the money, yes.

Q. But actually the Marlena Fronczek 401 trust made those payments?

MR. STRENGER [plaintiffs' counsel]: Your Honor, again –

A. I'm the owner of the trust.

MR. STRENGER: Objection. It's asking for a legal conclusion Your Honor.

THE COURT: I have just indicated those motions will be heard outside of the hearing of the jury.

Please move on, she has no basis to know, other than she can testify to what she has in the trust, if she knows.

MR. KUHR: I'm not asking what she had in the trust. She made an affirmative representation here that she paid $40,000 and then in fact the trust paid $40,000.

THE COURT: Are any of the assets in the trust not your personal assets.

*A*. They are my personal assets.

THE COURT: Or those of Mr. Fritchey.

*A*. Those are my personal assets.

THE COURT: All right. Your argument is a legal one then.

MR. KUHR: Can I make the motion now. Can we exclude the jury.

THE COURT: Very well.

Outside the presence of the jury, the attorneys and the trial judge engaged in a lengthy and, frankly, somewhat convoluted discussion. The trial court began by chastising defense counsel:

Court will note that an issue has arisen that is being argued with the Plaintiff on the stand.

The Court does not find that to be the appropriate manner to address this issue. Its [sic] an issue of summary disposition, which should have been brought prior to the –

If defense wanted to argue any issues related to capacity standing, the party in interest, any of the above, those motions should have been brought prior to the expiration of the scheduling order.

The date that was provided for motion for summary disposition to be filed dispositive motions have a deadline and without leave to argue a dispositive motion, I'm loath to do it while we have a jury seated. However, I will let you make your record. Mr. Kuhr.

Defense counsel appeared to insist that Fronczek-Duczynska had engaged in a transaction that was prohibited by IRS regulations when she used her 401(k) trust funds to pay for renovations on the property owned by plaintiffs and that defendants were entitled to a dismissal on this basis. Defense counsel also complained that the trial court had misled the jury by suggesting through its questioning of Fronczek-Duczynska that the funds in this trust were merely her personal assets to use as she wished. On this basis, defense counsel requested a mistrial. The trial court granted a mistrial, stating as follows:

Motion for mistrial is granted on the basis that I asked a leading question of this witness implying that was her money to use.

Mr. Kuhr has indicated that that is not accurate and that he has federal law that is going to prove that there are dispositive issues involved in this case.

Leave to file motion for summary disposition is granted.

In the event the Defendant is not successful in their argument related to what a 401K Trust trustee can or cannot do with their [401(k)] bank account, the Court will hear motions related to all costs and attorney fees incurred by the Plaintiff for the delay in this matter in order for this leave to have been granted.

Defendants subsequently filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Essentially, defendants argued that the action should be dismissed because Fronczek-Duczynska had misused assets from the 401(k) trust for her personal use, while plaintiffs argued that Fronczek-Duczynska could permissibly borrow from the trust and any penalty for an early withdrawal of the funds was limited to a tax penalty. Plaintiffs maintained that defendants' allegations of fraud were false and that their tactics were frivolous acts of bad faith with the intent to delay the proceedings and prejudice plaintiffs.

The trial court held a hearing on the motion, heard argument, and took the matter under advisement. In a written opinion and order, the trial court denied defendants' motion for summary disposition. In relevant part, the trial court reasoned that defendants had not provided information about the actual nature of the trust account, that it was not clear that the transactions were prohibited, that the penalty for using the funds early would merely be an additional tax, and that defendants had thus not demonstrated that summary disposition was justified. The order reiterated that plaintiffs were permitted to file a motion seeking related attorney fees and costs. The trial court denied defendants' motion for reconsideration.

Plaintiffs moved for attorney fees and costs. Following a hearing, the trial court granted plaintiffs' motion and awarded $14,817 in costs and attorney fees. The court expressed its reasoning on the record at the hearing. First, the trial court explained:

Good morning. This is the date and time set for a motion for attorney fees and costs associated with what is the unfortunate procedural history of this case, as we all know. This matter proceeded to voir dire and initially to the first witnesses being called in this case. We had a couple days of jury trial at which time prior to lunch on the second day, Mr. Kuhr indicated that we had an issue related to the real party in interest, and a 401 K Trust check that Ms. Fronczek Duczynska wrote to pay the contractor in this matter.

I left the parties to go to lunch and come back and argue case law and statutes and convince me that somehow this is a pertinent matter in this trial before this court and not just a matter between Ms. Fronczek Duczynska and the IRS or the, or the bank or any other injured party or aggrieved party or defrauded party.

There is no question in this case that Mr. Szymborski received the money from that check. So once the check is written and the money is received by the Defendant, I struggled to find the relevance of where that check upon which –

-4-

Upon which bank account that check was written. In researching the matter further, based on the briefs of the parties, I still find that it is not pertinent to our trial on these facts.

At the time that those discussions happened after lunch on the second day of trial, Mr. Kuhr was very dug in on behalf of his client that this was dispositive on many of the issues and certainly in light of the fact that we had during voir dire given the jury an estimate of how long they might be serving, I found that the delays that we were experiencing in the trial, this new issue that was causing us some new issues that were never before the Court during the long, and long awaited, we finally got a long awaited trial date. This case was very old at the time it went to trial and never had this matter come up during discovery, even though the check was always the check.

I made a decision at that time in part because I was concerned about the eight jurors and their schedules, and not being able to serve a lengthy period of jury service for a case that I thought could be tried in a few days. And the insistence of Mr. Kuhr that this was dispositive and that this would substantially affect the trial of the case.

I saw no recourse but to call a mistrial at that time and open up the cut off for motions for summary disposition, and that I would hear it as a motion. I gave you time to file those, the motions. I gave you time to respond, I heard argument on those motions.

As I told defense counsel and plaintiff counsel, of course at the time of the trial, at the time of the trial and calling of mistrial, if I stop these proceedings and if I proceed to a mistrial on the motion made by defendant for a mistrial, and their insistence that I had a dispositive matter before me, that I would hold them to that standard of, that I had to do that extraordinary act, and release our eight people who had been seated, and who had spent a couple days of their lives listening very tentatively [sic] to this case.

So now we find ourselves today. The motion for summary disposition was denied. I'm very confident in the ruling that I made. I did get a motion for reconsideration, and I looked at the matter yet again for any palpable error or need to change my mind with regard to the decision that I made.

I denied the motion for reconsideration. Now before me, as I told Mr. Strenger, given that we all spent a substantial period of time getting ready for this trial and appearing at trial, I made it clear that if this matter came back with a denial of a dispositive motion on this issue that I would entertain fees and costs wrongfully incurred by the Plaintiff. These are not contingent matters, these are hourly matters. This is an hourly matter. So there has been extraordinary costs to these parties based on this delay and based on the proceedings as they transpired after I called the mistrial and all of the lost hours in preparation for trial and in trial for. [Sic.]

I have indicated I would entertain this motion, and I will entertain it now.

The court also explained as follows:

> So I in granting the request for leave to file a motion for summary disposition at that late stage of the game, and calling a mistrial the Court made it clear that it was going to condition it upon the success of the motion. The amount of costs that have been expended by the Plaintiff at that time. I am comfortable with my order at the time I made it, which was that the defense would have to be successful on this dispositive motion and the claims that they made in order for me not to award attorney fees and costs wrongfully incurred. I can do that on any motion if I find that a party has wrongfully incurred attorney fees and costs due to the actions of the other party. That is always on the table. All right. All right.

As we have already stated above, the trial court granted the motion for fees and costs.

The matter again proceeded to trial, although the second trial was before a different judge. Defendants prevailed in full obtaining directed verdicts in their favor on some counts and jury verdicts in their favor on other counts.

Subsequently, defendants filed a motion under MCR 2.612 to set aside the July 12, 2022 order awarding plaintiffs costs and attorney fees. Defendants argued that the trial court was prohibited from granting costs and attorney fees immediately following a mistrial and where defendants did not engage in egregious misconduct that could have justified such a sanction. Defendants further argued that the mistrial was caused by the trial court's erroneous statement in front of the jury, that defendants had ultimately prevailed in full on the entire case, and that there was accordingly no reason to sanction defendants. Notably, it is apparent that defendants characterized the trial court's award of costs and attorney fees as being solely based on the mistrial ruling. Defendants ignored the trial court's previously expressed reliance on defendants' unsuccessful motion for summary disposition in imposing the sanction.

The trial court heard oral argument at a hearing on September 11, 2023, and took the matter under advisement. The court denied the motion in a written opinion and order. First, the trial court concluded that defendants' motion was untimely because it was not filed within a reasonable time because the motion was filed one year after the challenged order was entered and defendants had ample time to challenge the award of attorney fees and costs as the litigation continued during that time. Next, the trial court also rejected defendants' arguments on the merits. The trial court specifically noted that defendants argued the mistrial was caused by the trial court's misstatements in front of the jury. The trial court also seemed to indicate that defendant's argument did not make sense because the court would not have sanctioned defendants for the court's own error. Furthermore, the trial court specifically stated that it had explained that defendants' untimely motion for summary disposition was the cause of the mistrial and that it had informed defendants that they could be ordered to pay plaintiffs' attorney fees and costs if defendants' motion for summary disposition failed. The trial court denied defendants' motion for reconsideration.

This Court denied defendants' delayed application for leave to appeal as lacking merit in the grounds presented. *Fronczek-Duczynska v Total Construction & Renovation LLC*,

unpublished order of the Court of Appeals, entered February 21, 2025 (Docket No. 371641). This Court also denied reconsideration. *Fronczek-Duczynska v Total Construction & Renovation LLC*, unpublished order of the Court of Appeals, entered April 10, 2025 (Docket No. 371641). However, our Supreme Court subsequently remanded the matter to this Court for consideration as on leave granted. *Fronczek-Duczynska v Total Construction & Renovation LLC*, 25 NW3d 374 (2025).

## II. ANALYSIS

Defendants argue that the trial court erred by granting attorney fees to plaintiffs because a trial court is prohibited from awarding costs and attorney fees after granting a mistrial unless the sanctioned party engaged in egregious misconduct that caused the mistrial. Defendants cite *Persichini v William Beaumont Hosp*, 238 Mich App 626, 640-642; 607 NW2d 100 (1999), in support of this argument. Defendants also argue that costs cannot be assessed immediately following the grant of a mistrial and that the court was instead required to wait until the final disposition of the case to award costs. Defendants cite *Benmark v Steffen*, 374 Mich 155, 165; 132 NW2d 48 (1965), in support.

"[A] court's inherent power to sanction misconduct and to control the movement of cases on its docket includes the power to award attorney fees as sanctions when the egregious misconduct of a party or an attorney causes a mistrial." *Persichini*, 238 Mich App at 640-641. "The ability to impose such sanctions serves the dual purposes of deterring flagrant misbehavior, particularly where the offending party may have deliberately provoked a mistrial, and compensating the innocent party for the attorney fees incurred during the mistrial." *Id*. at 641. Furthermore, this Court has explained that it has cited *Benmark*, 374 Mich 155, for the proposition that "a trial court cannot assess costs immediately following the grant of a mistrial, but must await the final disposition of the case." *Persichini*, 238 Mich App at 641.

However, the record in the present case indicates that the trial court awarded costs and attorney fees to plaintiffs for prevailing on defendants' motion for summary disposition that was predicated on an issue that the court determined was untimely raised by defendants for the first time during the second day of trial rather than previously through a timely summary disposition motion that complied with the court's scheduling order. Contrary to defendants' assertions on appeal, the trial court did not sanction defendants for causing a mistrial. Defendants have thus failed to accurately address the actual basis for the trial court's ruling that defendants challenge on appeal, and defendants therefore have abandoned their claim of error. "When an appellant fails to dispute the basis of the trial court's ruling, [t]his Court . . . need not even consider granting plaintiffs the relief they seek." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (quotation marks and citation omitted; alteration and ellipsis in original).

In arriving at this determination, we expressly refrain from opining on the propriety or correctness of any of the trial court's rulings discussed herein. Our analysis is confined solely to the arguments advanced by appellants on appeal. Having carefully reviewed the appellate briefs and the record, we find that appellants have not articulated any legal error or presented any argument that would warrant reversal or modification of the judgment below. Accordingly, we hold that the appellants have failed to establish a basis for appellate relief.

Affirmed. Plaintiffs having prevailed are entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman